John E. MORRIS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–305.

United States Court of Veterans Appeals.

Submitted Dec. 6, 1990.

Decided May 24, 1991.

Robert M. McHenry, Little Rock, Ark., was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and David W. Engel, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY Associate Judges.

FARLEY, Associate Judge, filed the opinion of the Court, in which NEBEKER, Chief Judge, joined.

KRAMER, Associate Judge, concurring, filed a separate opinion.

FARLEY, Associate Judge:

Appellant, John E. Morris, is appealing from a December 29, 1989, Board of Veterans' Appeals (Board or BVA) decision upholding the denial of entitlement to an effective date earlier than November 7, 1985, for compensation based on service connection for tinea pedis. We hold that because appellant failed to appeal the disallowance of his 1962 claim for service connection for foot problems and abandoned his 1979 claim for service connection for foot problems, the BVA did not err in concluding that the effective date for appellant's award of service connection for tinea pedis was November 7, 1985, the date he filed a new claim for the condition. Accordingly, the BVA decision of December 29, 1989, is affirmed.

## I.

Appellant, John E. Morris, served on active duty in the United States Army from 1957 to 1959. On August 2, 1962, appellant filed an initial claim for service connection for a "skin condition of both feet." R. at 20. On August 7, 1962, the Little Rock, Arkansas, Department of Veterans Affairs (formerly Veterans' Administration) (VA) Regional Office (RO) sent appellant a letter requesting he submit evidence that his condition "existed from the date of your discharge and still exists." R. at 24. The letter provided that if evidence was not received by the VA within one year, benefits would not be payable based on that claim.

Appellant was examined by a VA physician on August 17, 1962, and diagnosed as suffering from tinea pedis (athlete's foot). R. at 27. However, the BVA decision reports that appellant did not submit any of the additional evidence requested by the VA and that "[i]n October 1962, the VA notified the appellant that his claim was to be disallowed due to his failure to submit evidence demonstrating a continuity of symptoms from the date of discharge from service." John E. Morris, loc. no. 936632, at 3 (BVA Dec. 29, 1989).

On September 5, 1979, appellant reopened his claim for service connection for "skin rash [and] blisters on both feet", and amended his claim to also include a claim for service connection for a back injury, both of which were reported to have occurred in 1958. R. at 32–35. Appellant was notified on September 18, 1979, to submit a report of a medical examination and that it must be received by the VA within one year from the date of the letter. R. at 36. In November 1979, appellant submitted a report of a medical examination by his personal physician. R. at 36. On November 19, 1979, a rating specialist noted: "Continuity evidence as requested 8–7–62 is still needed." R. at 38. Appellant was notified by the RO on November 26, 1979, that he needed to submit evidence "that your disability has existed since the date of your discharge and still exists." R. at 39. On April 10, 1980, an attorney representing appellant contacted the RO requesting information as how best to present evidence to substantiate his client's claim. R. at 40. The RO wrote back to the attorney on April 18, 1980, suggesting the various forms of evidence that could be submitted to establish entitlement to a claim. R. at 41. No evidence was submitted by either appellant or his attorney within one year of the notification that additional evidence was required before the claim could be adjudicated. In fact, the record on appeal does not contain any communication to or from appellant until 1985.

On November 7, 1985, appellant reopened his foot and back injury claims. R. at 42–43. On February 5, 1986, the rating board denied appellant's claim for service connection for a skin condition of the feet (tinea pedis), a back condition, and hypertension. R. at 58–60. Appellant appealed this denial to the BVA which on September 16, 1986, granted service connection for tinea pedis after the resolution of reasonable doubt in favor of appellant. John E. Morris, loc. no. 628667 (BVA Sept. 16,

1986). Subsequently, the claim was returned to the RO for a rating decision, and on December 3, 1986, the rating board rated appellant's service-connected tinea pedis as 0 percent disabling, effective November 7, 1985. R. at 89. On December 11, 1987, the rating board confirmed its prior 0–percent rating. R. at 110. Appellant again appealed to the BVA which on July 19, 1988, upheld the denial of a compensable rating for tinea pedis and entitlement to an earlier effective date for his tinea pedis service connection. *John E. Morris*, loc. no. 821906 (BVA July 19, 1988). The Board found that appellant had abandoned the earlier claims he had filed in 1962 and 1979 for a skin disorder of his feet. Under 38 C.F.R. § 3.158(a) (1990), the Board concluded that the earliest effective date to which appellant was entitled was November 7, 1985, the date he reopened the claim that led to service connection being granted.

On September 16, 1988, appellant again reopened his tinea pedis claim and submitted new evidence. R. at 129. On December 16, 1988, the rating board awarded appellant a 10–percent rating for his service-connected tinea pedis, effective from May 30, 1988. The rating board, however, did not change the effective date of appellant's 0–percent rating. On March 8, 1989, the rating board confirmed its 10–percent rating. R. at 139. Appellant appealed to the BVA which in its December 29, 1989, decision, *John E. Morris*, loc. no. 936632, at 7–8 (BVA Dec. 29, 1989), made three findings: (1) The new evidence submitted by appellant did not provide a new factual basis for allowance of the claim; (2) "The schedular criteria for a rating greater than 10 percent for tinea pedis are not met"; and (3) the BVA, in an earlier decision dated July 1988, determined that appellant had abandoned his claims filed in 1962 and 1979 and the earliest date from which appellant was entitled to retroactive benefits was November 7, 1985. It is this latest BVA decision that appellant appeals to this Court.

On appeal to this Court, appellant contends that the BVA erred in not providing him with an effective date earlier than No-

vember 7, 1985, for his tinea pedis condition. He argues that he did not abandon his earlier claims which were filed in 1962 and 1979 because (1) they were never "ruled upon" by the VA and (2) he was never notified that such claims are subject to abandonment pursuant to 38 C.F.R. § 3.158(a), and (3) that the Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits denial of benefits without notice having been given. He urges the Court to estop the VA from claiming that he was on constructive notice of the statutory and regulatory provisions. The Secretary of Veterans Affairs (Secretary) argues that appellant's assertions are without merit.

## II.

### NEW AND MATERIAL EVIDENCE

In *Manio v. Derwinski*, 1 Vet.App. 140 (1991), the Court stated that when a veteran seeks to reopen a claim based on new evidence, the BVA must perform a two-step analysis.

> First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § 3008. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both old and new.

*Manio*, at 145 (citation omitted) (emphasis in original). If the BVA determines that the evidence presented was not new and material, then that determination would be reviewable by this Court. *Manio*, at 146. On the other hand, "if the BVA determines that the evidence is 'new and material', reopens and reconsiders the claim, and once again denies the claim, that decision is subject to review on appeal to this Court based upon the entire record because the decision of the BVA was required to be based upon all evidence and material of record." *Id.*

Here, we must assume that the BVA found that appellant had submitted new and material evidence because the BVA concluded that the new evidence did not

provide a new factual basis for allowance. However, this issue is not dispositive of the case.

## III.

### ABANDONED CLAIMS

In both its July 19, 1988, and December 29, 1989, decisions, the BVA concluded that pursuant to 38 C.F.R. § 3.158(a), appellant had abandoned his claims filed on August 2, 1962, and September 5, 1979, for service connection for a skin disorder on his feet.

Congress has provided: "If a claimant's application for benefits under the laws administered by the [VA] is incomplete, the [Secretary] shall notify the claimant of the evidence necessary to complete the application. If such evidence is not received within one year from the date of such notification, no benefits may be paid or furnished by reason of such application." 38 U.S.C. § 3003(a) (1988). In order to implement the veterans' benefits program, Congress has given the Secretary the authority "to make all rules and regulations which are necessary or appropriate to carry out the laws administered by the [VA] and are consistent therewith, including regulations with respect to ... the method of taking and furnishing [evidence] in order to establish the right to benefits under such laws...." 38 U.S.C. § 210(c)(1) (1988). Pursuant to his authority under 38 U.S.C. § 210(c)(1), the Secretary has promulgated § 3.158(a) which provides

> where evidence requested in connection with an original claim, a claim for increase or to reopen ... is not furnished within 1 year after the date of request, the claim will be considered *abandoned*. After the expiration of 1 year, further action will not be taken unless a new claim is received. Should the right to benefits be finally established ... compensation ... based on such evidence shall commence not earlier than the date of filing the new claim.

38 C.F.R. § 3.158(a) (emphasis added). Section 3.158 was initially promulgated on February 24, 1961, and has remained substantially the same despite revisions on December 1, 1962, and November 9, 1987. *See* 26 Fed.Reg. 1571 (1961), 27 Fed.Reg. 11,887 (1962), and 52 Fed.Reg. 43,062 (1987).

 This abandoned claims regulation is entirely consistent with the command of 38 U.S.C. § 3003(a) regarding the disposition of incomplete claims. Where the VA notifies a claimant of the need for further evidence and the claimant fails to respond within one year of that notice, the claim is deemed to have been abandoned. In order for the VA to process claims, individuals applying for benefits have a responsibility to cooperate with the agency in the gathering of the evidence necessary to establish allowance of benefits. This regulation, however, does not permit the VA to sit idly by once a claim has been received. The Secretary is under an affirmative duty to assist claimants in understanding how to file for benefits and what evidence is required. *See* 38 U.S.C. §§ 241, 3007(a) (1988).

### A.

On August 2, 1962, appellant filed a claim for service connection for a skin condition for both feet. On August 7, 1962, the RO notified appellant that additional evidence was required in order to complete his application for benefits. The BVA decision of December 29, 1989, reports that the VA notified appellant in October 1962 that his claim was being "disallowed" due to his failure to submit additional requested evidence. The BVA in 1988 and again in 1989 concluded that appellant abandoned his 1962 claim. Assuming the BVA decision is accurate in reporting that the claim was denied in October 1962 for failure to furnish the required evidence, we must disagree with the characterization of the 1962 action.

 Pursuant to 38 C.F.R. § 3.158(a) and the letter he was sent on August 7, 1962, appellant had one year in which to submit additional evidence to complete his application. The VA, however, did not wait the one year to act on appellant's claim. Instead, after only two months the claim was adjudicated and "disallowed". At that

point it was incumbent upon appellant to appeal the disallowance to the BVA which appellant did not do. Under the 1962 as well as the current version of 38 U.S.C. § 4005(b)(1) (1988) a claimant who is dissatisfied with a VA adjudication or determination must file a Notice of Disagreement (NOD) within one year of notice of the result of initial review or determination. If an NOD is not filed within the prescribed time period, the action or determination is final subject to reopening based only on new and material evidence or clear and unmistakable error. 38 U.S.C. §§ 4004(c), 3008 (1988); 38 C.F.R. § 3.105(a) (1990). Here, appellant failed to file an NOD within the prescribed time period and thus the October 1962 decision became final.

## B.

■ On September 5, 1979, appellant filed a claim for service connection for a foot condition. On April 18, 1980, appellant was notified by the RO that additional evidence needed to be submitted in order for the VA to adjudicate the claim. Appellant not only failed to respond to the RO's request to provide additional evidence, he failed to respond at all. Thus, we need not consider whether the VA's duty to assist required that the VA have done more than it did because appellant never even responded to the VA.

Appellant argues that his 1979 claim was never "ruled upon" by the VA. That is precisely the point; the VA was never able to adjudicate appellant's claim because appellant failed to respond to the VA's request for evidence. Section 3.158(a) was specifically promulgated to address this point by deeming that claimants who fail to respond to requests for evidence within one year are deemed to have abandoned their claim.

■ Appellant raises a Due Process Clause argument that he was never notified that claims are subject to abandonment pursuant to 38 C.F.R. § 3.158(a). In the first place, the record supports a contrary view. In 1962 and again in 1979, the VA sent letters which outlined the evidence which was required and advised the claimant that benefits would not be paid unless the requested evidence was submitted. R. at 24, 36. Secondly, the Secretary correct-

ly argues that appellant's contention is without legal merit because the abandonment pursuant to 38 C.F.R. § 3.158(a) cannot be set aside or waived on grounds of alleged ignorance of regulatory requirements. The Supreme Court has held that everyone dealing with the Government is charged with knowledge of federal statutes and lawfully promulgated agency regulations. *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384–85, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). Thus, regulations are binding on all who seek to come within their sphere, "regardless of actual knowledge of what is in the [r]egulations or of the hardship resulting from innocent ignorance." *Id.* at 385, 68 S.Ct. at 3. "The 'presumption' that everyone knows the law is simply a more colorful way of stating the principle that ignorance of the law is irrelevant." 21 C. Wright & K. Graham, *Federal Practice and Procedure* § 5124, at 588 (1977) (footnote omitted). In the case at hand, appellant, even though he may have been ignorant of the abandonment provisions of 38 C.F.R. § 3.158(a), is necessarily charged with knowledge of the regulation.

This case is distinguishable from *Akles v. Derwinski*, 1 Vet.App. 118 (1991), where the Court found that the Secretary is under a duty to consider every benefit to which that claimant may be entitled. Here, the Secretary properly discharged his duty by notifying appellant that he must submit additional evidence in order to get the claim adjudication process moving. The appellant was on notice of what was expected of him and he failed to respond. This is not a case in which the VA refused to consider entitlement but an instance in which a claimant failed to perfect a ripe claim. We hold that by not responding to the VA's request for additional evidence within one year, appellant abandoned the claim he filed in 1979 for service connection for a foot condition.

## IV.

### EFFECTIVE DATE FOR SERVICE CONNECTION FOR TINEA PEDIS

■ There remains the issue of the effective date of appellant's tinea pedis rat-

ing. The BVA has determined that November 7, 1985, is the effective date. Appellant argues the effective date should be retroactive to the date of his initial claim filed in 1962. Two regulations control the disposition of this issue. The abandonment regulation provides that after a claim has been abandoned and a new claim has been filed and approved on the reopening, the effective date of that award "shall commence not earlier than the date of filing of new claim." 38 C.F.R. § 3.158(a). Section 3.400 of title 38 of the Code of Federal Regulations sets out the effective dates for the evaluation and award of VA benefits. When a claim is reopened, the effective date of an award is the "[d]ate of receipt of claim or date entitlement arose, whichever is later." 38 C.F.R. § 3.400(r) (1990). When new and material evidence consisting of other than service department records is received after final disallowance, the effective date of an award is the "[d]ate of receipt of new claim or date entitlement arose, whichever is later." 38 C.F.R. § 3.400(q)(ii) (1990). After having failed to appeal the denial of his 1962 claim and abandoning his claim filed in 1979, appellant filed a new claim, or reopened his claim, on November 7, 1985. Thus, the effective date under all of the regulations is the date the new or reopened claim was filed: November 7, 1985.

### V.

In conclusion, we hold that appellant failed to appeal the disallowance of his claim filed in 1962, thus insuring that the VA would not act further on his claim. We further hold that appellant abandoned his claim filed in 1979. Thus, the BVA correctly determined that the effective date for appellant's service-connected tinea pedis was November 7, 1985. Accordingly, the BVA decision is affirmed.

*It is so Ordered.*

KRAMER, Associate Judge, concurring.

The majority states on page seven of the opinion that "[i]n the case at hand, appellant even though he may have been ignorant of the abandonment provisions of 38 C.F.R. § 3.158(a), is necessarily charged with knowledge of the regulation."

38 U.S.C. § 3003(a) (1988) states as follows:

If a claimant's application for benefits under the laws administered by the [VA] is incomplete, the [Secretary] shall notify the claimant of the evidence necessary to complete the application. If such evidence is not received within one year from the date of such notification, no benefits may be paid or furnished by reason of such application.

From the literal language of § 3003(a), it is unclear whether or not a claimant has to be notified that necessary evidence must be received within one year and of the consequences of failure to do so. The versions of the implementing regulation in effect in both 1962 and 1979 specifically stated that the failure of the VA to furnish notice of the time limit for submission of evidence would not extend the one-year period. *See* 38 C.F.R. § 3.109(b) (1962 & 1979). However, by amendment effective April 11, 1990, this provision was removed and replaced with procedures providing for the filing by the claimant for an extension of the one-year time limit for good cause shown and for appeal of a denial of a requested extension. *See* 38 C.F.R. § 3.109(b) (1990). Consequently, under existing law, I believe that notification is required of both the one-year time limit and the consequences of failing to comply with it. Such a notification requirement is in accordance with the duty-to-assist doctrine embodied in 38 U.S.C. §§ 3007(a), 241(b) (1988) as interpreted by this Court in *Akles v. Derwinski*, 1 Vet.App. 118 (1991). Moreover, the failure to provide such notice might raise serious constitutional issues. *Cf. Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir.1990) (notice of adverse decision on applicant's Social Security disability claim, which does not clearly state that if no request for reconsideration is made then determination is final, violates claimant's procedural due process rights); *Cosby v. Ward*, 843 F.2d 967 (7th Cir.1988) (when state fails to provide unemployment compensation recipients who are seeking ex-

tended benefits with adequate notice of work search requirements and precise issues to be determined by claims adjudicators with respect to claimants' eligibility to receive extended benefits as consequence of their work search, it violates their procedural due process rights); *Christopher v. Secretary of Health and Human Services,* 702 F.Supp. 41, 42–43 (N.D.N.Y.1989) (ambiguous notice to pro se Social Security disability applicant which could have misled her into believing that failure to request reconsideration would not have adverse effect on benefit determination made in future violates procedural due process); *Butland v. Bowen,* 673 F.Supp. 638, 640–42 (D.Mass.1987) (misleading notice of denial of claim which misinformed pro se Social Security applicant as to res judicata consequences of abandoning the claim violates procedural due process); *Dealy v. Heckler,* 616 F.Supp. 880 (D.Mo.1984) (misleading notice to pro se Social Security applicant, that she had right to file another claim at any time and which failed to inform her of res judicata effect of abandoned claim, violates procedural due process).

Interestingly, regardless of whether or not the VA in 1962 and 1979 was required to notify appellant of the time limit in which to submit necessary evidence and the consequences of not doing so, such notice was provided on both occasions. In a letter dated August 7, 1962, appellant was told that:

> [The] evidence [of chronicity] *must be received in the Veterans Administration within one year from the date of this letter; otherwise, benefits are not payable on the basis of this pending claim.*

R. at 24 (emphasis added). Again, he was advised by letter dated September 18, 1979, that:

> The evidence requested should be submitted as soon as possible, preferably within 60 days, *and in any case it must be received in the Veterans Administration within one year from the date of this letter; otherwise, benefits, if entitlement is established, may not be paid prior to the date of its receipt.*

R. at 36 (emphasis added). Therefore, lack of notice is not at issue in this case, not because appellant is deemed to know all relevant statutory and regulatory provisions without notice, but because he was consistently provided with adequate notice.