# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 06-3022

Victor C. Davis, Appellant,

v.

Eric K. Shinseki,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued October 22, 2008                    Decided February 2, 2009)

*Mark R. Lippman*, of LaJolla, California; *Richard B. O'Keefe*, of Washington, D.C.; *Landon Overby,* of Washington, D.C.; for the appellant.

*Paul J. Hutter*, Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel; *David Quinn*, Deputy Assistant General Counsel; and *Christopher Brown*, Appellate Attorney, all of Washington, D.C., for the appellee.

Before KASOLD, HAGEL, and LANCE, *Judges*.

HAGEL, *Judge*, filed the opinion of the Court. KASOLD, *Judge*, filed a concurring opinion.

HAGEL, *Judge*: Victor C. Davis appeals through counsel a May 19, 2006, decision of the Board of Veterans' Appeals (Board) that denied disability compensation for an acquired psychiatric disorder because it was not service connected. For the reasons set forth below, the decision of the Board will be affirmed.

## I. BACKGROUND

Mr. Davis served in the U.S. Army from November 1973 until October 1974, when he was honorably discharged due to "chronic apathy." Record (R.) at 12. In 1999, he filed a claim for disability compensation for, among other things, paranoid schizophrenia. R. at 75. After his claim was denied by the regional office, Mr. Davis filed a Notice of Disagreement and thereafter submitted a statement in support of claim that states, in relevant part, "I was discharged early from the Army

for some type of problem they called Chronic Apathy, later it was called a Psychotic Disorder. I was told by a Psychiatrist that because the Army had released me early with an Honorable Discharge and did not send me to see a Psychiatrist prior to my discharge, the Army is at fault, since I was OK when I went into the Army." R. at 210. In the decision on appeal, the Board, inter alia, found that the Secretary had fulfilled his preadjudicatory notice obligations. It ultimately denied Mr. Davis's claim for lack of service connection because the evidence did not demonstrate that his psychiatric problems were related to service. R. at 2.

Mr. Davis now argues on appeal that the Secretary failed to provide preadjudicatory notice under 38 U.S.C. § 5102(b). According to Mr. Davis, his statement placed the Secretary on notice that relevant medical-nexus evidence existed that, if obtained, could substantiate his claim. Mr. Davis contends that, upon learning of the existence of this evidence, the Secretary had a duty under section 5102(b) to specifically advise him to obtain and submit a written statement regarding medical nexus from the treating psychiatrist mentioned in his statement. In support of his argument, Mr. Davis relies on *Robinette v. Brown*, 8 Vet.App. 69 (1995), and its progeny, a line of cases that addressed the duty to notify under 38 U.S.C. § 5103(a) before that section was amended by the Veterans Claims Assistance Act of 2000.

The Secretary argues that his duty to notify a claimant of what is needed to substantiate a claim, and who should provide what, if any, information or evidence, is found in the post-Veterans Claims Assistance Act version of 38 U.S.C. § 5103(a) (also referred to herein as the current version), and that the only duty under section 5102(b) created by the Act is a duty to advise a claimant to complete an otherwise incomplete application for benefits. The Secretary asserts that Mr. Davis's application was complete and that Mr. Davis does not argue otherwise. The Secretary also notes that the notice provided to Mr. Davis was adequate under the current version of section 5103(a).

## II. ANALYSIS

### A. Relevant Evolution of Section 5103(a) and the Duties Thereunder

Prior to the enactment of the Veterans Claims Assistance Act, section 5103(a) read as follows:

If a claimant's application for benefits under the laws administered by the Secretary isincomplete, the Secretary shall notify the claimant of the evidence necessary to complete the application. If such evidence is not received within one year from the

date of such notification, no benefits may be paid or furnished by reason of such application.

As interpreted by the Court, this section required the Secretary to both notify a claimant regarding information needed to complete an application for benefits and to specifically advise a claimant who refers to the existence of relevant evidence to submit that evidence. *Robinette*, 8 Vet.App. at 79; *Beausoleil v. Brown*, 8 Vet.App. 459 (1996); *Sutton v. Brown*, 9 Vet.App. 553 (1996).

In 2000, section 5103(a) was amended by the Veterans Claims Assistance Act. The legislative history indicates that there was no intent to limit the Secretary's duties under the then current version of section 5103(a). *See* 146 Cong. Rec. H9914 (Oct. 17, 2000) (noting that the proposed section 5102(b) merely "clarifies" the Secretary's obligation to send notices to the claimant); President's Statement Upon Signing H.R. 4864, 36 WEEKLY COMP. PRES. DOC. 2834 (NOV. 9, 2000) (stating that the Act "reaffirms and clarifies" the duties of the Secretary). The Secretary does not argue that the Veterans Claims Assistance Act imposed any limitation on the Secretary's pre-existing notice obligations, and nothing in our case law imposes any limitation. *See Quartuccio v. Principi*, 16 Vet.App. 183, 186-87 (2002) (noting that Congress did not intend to restrict the Secretary's notification duties). Moreover, Mr. Davis does not argue that the duty to notify in the current version of section 5103(a) was not fulfilled. Rather, he argues in his written brief that the duty to notify a claimant to submit evidence when the existence of such evidence is brought to the attention of the Secretary rests today not in section 5103(a), but in section 5102(b). Specifically he states his single assignment of error through counsel as "VA failed to notify appellant of the existence of relevant evidence of which it had notice. This failure constitutes a violation of former 38 U.S.C. § 5103(a), now 38 U.S.C. § 5102(b)." Appellant's Brief at 2.

*1. New Section 5102(b)*

We simply do not find in section 5102(b) the duty to notify a claimant to submit existing evidence identified by the claimant. The current version of that section reads as follows:

> Incomplete applications. If a claimant's application for a benefit under the laws administered by the Secretary is incomplete, the Secretary shall notify the claimant and the claimant's representative, if any, of the *information* necessary to complete the application.

38 U.S.C. § 5102(b) (emphasis added).

On its face, section 5102(b) requires the Secretary to notify a claimant of what information is necessary to complete an application. It says nothing about informing an applicant about evidence that might be needed to prove or to substantiate the claim. Whereas section 5103(a)[1] requires notification about the evidence that is needed to substantiate a claim, section 5102(b) refers only to the information necessary to complete the application. Under the plain language of the statute, section 5102(b)'s specific directive to notify an applicant "of the information necessary to complete the application" extends to facts of which the appellant has knowledge that would complete his application for benefits; it does not include the duty to notify an applicant of evidence necessary to substantiate his claim.

"The plain meaning of a statute must be given effect unless a 'literal application . . . will produce a result demonstrably at odds with the intention of its drafters.'" *Gordon v. Nicholson*, 21 Vet.App. 270, 276 (2007) (quoting *Gardner v. Derwinski*, 1 Vet.App. 584, 586-87 (1991), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994)). Here, the drafters' intention, i.e., not to limit the Secretary's existing notification duties, would not be frustrated by finding that the section 5102(b) duty to notify only arises when an application is incomplete. This is because the Veterans Claims Assistance Act purposefully separated the notification duties relating to applications from the notification duties relating to evidence. *See* 38 U.S.C. §§ 5102, 5103. Moreover, the legislative history of section 5102(b) supports the plain language of the statute. In introducing the Committee's compromise Veterans Claims Assistance Act bill to the House of Representatives, Congressman Bob Stump stated that it was "the Committee's intent that the verb 'to substantiate' as used . . . throughout the compromise bill, be construed to mean 'tending to prove' or 'to support.'" 146 Cong. Rec. H9914. The term "to substantiate" does not appear in section 5102(b). Moreover, Congressman Stump stated in the context of section 5102(a) that the Committee struck the term "evidence" and used the word "information" in its stead

---

[1] "38 U.S.C. § 5103. Notice to claimants of required information and evidence.
(a) Required information and evidence. Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. . . ."

"in order to clarify that claimants will not be obligated to present any *evidence* upon initial application for benefits." *Id*. (emphasis added). Like section 5102(a), section 5102(b) replaced "evidence" with "information" when discussing the initial application for benefits.

Even if the language in section 5102(b) were not plain, in implementing section 5103, the Secretary defined information as "non-evidentiary facts, such as the claimant's Social Security number or address; the name and military unit of a person who served with the veteran; or the name and address of a medical care provider." 38 C.F.R. § 3.159(a)(5) (2008). Although the Secretary's regulations do not define when an application is complete, a "substantially complete application" is described as an application

> containing the claimant's name; his or her relationship to the veteran, if applicable; sufficient service information for VA to verify the claimed service, if applicable; the benefit claimed and any medical condition(s) on which it is based; the claimant's signature; and in claims for nonservice-connected disability or death pension and parents' dependency and indemnity compensation, a statement of income.

38 C.F.R. § 3.159(a)(3) (2008).

Under these definitions, the Secretary has a limited duty to notify a claimant of what information is necessary to complete an application when the claimant submits an incomplete application. 38 U.S.C. § 5102(b). The Secretary's duty to provide general notification of information and evidence necessary to substantiate the claim does not arise until the application is substantially complete. 38 U.S.C. § 5103(a).

### 2. Other Statutory Provisons

The Veterans Claims Assistance Act made other changes to Title 38 regarding the duty to assist. *See e.g.,* President's Statement Upon Signing H.R. 4864, 36 WEEKLY COMP. PRES. DOC. 2834 (Nov. 9, 2000) (noting that the Act eliminates the well-groundedness requirement); *Roberson v. Principi*, 17 Vet.App. 135, 143 (2003) (same). At oral argument, Mr. Davis agreed that a duty to provide specific notice to furnish evidence might reside in other sections of Title 38. As noted above, there is no dispute over the fact that the Secretary's duties under pre-Veterans Claims Assistance Act section 5103(a) were not extinguished by the Act. Under these circumstances, and because Mr. Davis has limited his dispute to the scope of section 5102(b), we need not determine in which statutory section each duty now resides, nor do we need to further examine compliance with those duties.

Although our concurring colleague raises and addresses the potential applicability of the current version of section 5103(a), we do not believe it would be appropriate to do so at this point. This authority was not argued by either party and it would be premature for the Court to discuss it without it being properly presented so that it may be decided after full development. *See Emenaker v. Peake*, ___ F.3d __, __, No. 2008-7051, slip op. at 13 (Fed. Cir. Dec. 31, 2008) (declining to address an issue that was not properly presented to the Court of Appeals for Veterans Claims).

### B. Mr. Davis's Statement Gives Rise To No Additional Duty To Notify

Mr. Davis presents no argument that he was not adequately notified, as required by current section 5103(a), of what was needed to substantiate his claim and who should provide what evidence. *See Mayfield v. Nicholson*, 444 F.3d 1328, 1333 (Fed. Cir. 2006) *cert. granted sub nom. Peake v. Sanders*, 76 U.S.L.W. 3654 (U.S. June 16, 2008) (No. 07-1209). Indeed, the record on appeal reflects that he had actual knowledge of the need to obtain a medical nexus opinion in December 2003, as evidenced by his requesting his claims file from the regional office so that he could "get a letter from a doctor connecting [his] illness to military service." R. at 318.

### III. CONCLUSION

For the foregoing reasons, the May 19, 2006, decision of the Board is AFFIRMED.

KASOLD, *Judge*, concurring: I agree that the current version of section 5102(b) does not encompass the specific duty of the Secretary to notify a claimant to submit relevant evidence referenced in an application, as observed in *Robinette* and its progeny, and that Mr. Davis's argument to the contrary fails. However, I write separately to note that, regardless of whether such a duty exists somewhere in Title 38 (and where that might now be),[2] Mr. Davis's statement to the Secretary

---

[2] At oral argument, Mr. Davis noted that the legislative history revealed no intent to limit the Secretary's duties under the pre-Veterans Claims Assistance Act version of section 5103(a). *See also* 146 Cong. Rec. H9914 (Oct. 17, 2000) (noting that the proposed section 5102(b) merely "clarifies" the Secretary's obligation to send notices to the claimant); President's Statement Upon Signing H.R. 4864, 36 WEEKLY COMP. PRES. DOC. 2834 (NOV. 9, 2000) (stating that the Veterans Claims Assistance Act "reaffirms and clarifies" the duties of the Secretary). Moreover, the Secretary did not argue that the Veterans Claims Assistance Act imposed any limitation on the Secretary's notice obligations, and nothing in our case law points to any limitation. *See Quartuccio v. Principi*, 16 Vet.App. 183, 186-87 (2002) (noting that Congress did not intend to restrict the Secretary's notification duties). Nevertheless, I agree with my colleagues that whether or not any particular duty under the pre-Veterans Claims Assistance Act version of section 5103(a) continues to exist somewhere in the revised sections of Title 38 other than in section 5102(b) was not properly briefed and that it would be premature to render a decision on this broader issue. Further, on the facts of this case, it is inapposite.

nevertheless fails to give rise to this duty.

The specific pre-Veterans Claims Assistance Act section 5103(a) duty to notify a claimant to submit particular evidence arose only when the Secretary was made aware that such evidence existed or reasonably could be obtained. *See, e.g.*, *Beausoleil v. Brown*, 8 Vet.App. 459, 465 (1996) (citing *Robinette v. Brown*, 8 Vet.App. 69 (1995)) (Secretary has an additional obligation, inter alia, "to notify an individual of what is necessary to complete the application in the limited circumstances where there is an incomplete application that references other known and existing evidence"); *Marciniak v. Brown*, 10 Vet.App. 198 (1997) (when put on notice of evidence favorable to a claimant, Secretary has a duty to notify the claimant to submit such evidence when there is some degree of probability that the claimant will be able to obtain it).

In this instance, Mr. Davis's statement in support of claim–as even he concedes–does not reference any existing evidence. His statement also does not reference any evidence favorable to his claim, or, assuming it could be favorable to his claim, state that there was a reasonable probability the evidence could be obtained. There is no indication that Mr. Davis had any idea which psychiatrist may have told him that he should have been seen by a psychiatrist before he was discharged, and certainly no way to go back in time and have that pre-discharge visit take place. Even assuming there was Army error associated with not sending Mr. Davis for psychiatric evaluation before his discharge, it does not change the fact that such a pre-discharge evaluation did not take place. Moreover, there is no dispute over the fact that the Board found that Mr. Davis had been provided adequate section 5103(a) notice regarding evidence that was needed to substantiate the claim. In the absence of Mr. Davis identifying some existing or reasonably obtainable evidence that might help substantiate his claim, no further notice was required by the duties found in the pre-Veterans Claims Assistance Act version of section 5103(a) that might now exist in other sections of Title 38.

7