# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 10-1226

BETZAIDA P. JERNIGAN, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued March 28, 2012                  Decided June 19, 2012)

*David J. Lowenstein,* of Richmond, VA, with whom *Todd M. Wesche*, formerly of Arlington, VA, was on the brief, was on the pleading for the appellant. Mr. Lowenstein argued before the Court.

*Mark D. Vichich,* of Washington, D.C., with whom *Will A. Gunn*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *David L. Quinn*, Deputy Assistant General Counsel, all of Washington, D.C, were on the brief, was on the pleading for the appellee. Mr. Vichich argued before the Court.

Before HAGEL, DAVIS, and SCHOELEN, *Judges*.

HAGEL, *Judge*: Betzaida P. Jernigan appeals through counsel a March 23, 2010, Board of Veterans' Appeals (Board) decision that denied entitlement to an effective date earlier than October 31, 2001, for the award of VA disability benefits for gastroesophageal reflux disease, a lumbosacral strain, and an appendectomy scar.[1] Ms. Jernigan's Notice of Appeal was timely and the Court has jurisdiction to review the Board decision pursuant to 38 U.S.C. § 7252(a). This matter was referred to a panel of the Court to determine whether the timing requirement in 38 C.F.R. § 3.155(a) (1995)

---

[1] The Board also remanded claims for benefits for a right shoulder disability, labyrinthitis with vertigo, and tension headaches, as well as the issue of entitlement to an earlier effective date for the award of a total disability rating based on individual unemployability. Accordingly, those matters are not before the Court at this time. *See* 38 U.S.C. § 7266 (stating that the Court reviews only final decisions of the Board); *see also Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000) (Board remand does not constitute a final decision that may be appealed (citing 38 C.F.R. § 20.1100(b) (1999))).

within which a veteran must submit a formal application form was a valid exercise of the Secretary's rulemaking authority and whether the Secretary has a duty to notify claimants of that timing requirement. For the reasons set forth below, the Court will affirm the March 2010 Board decision.

## I. FACTS

Ms. Jernigan served on active duty in the U.S. Navy from April 1989 to May 1995.

In July 1995, Ms. Jernigan submitted a VA Form 21-4138, Statement in Support of Claim, in which she stated that she suffered from, among other conditions, back, spinal, and stomach disabilities. On that form, Ms. Jernigan included her full name, Social Security number, and mailing address. She also enclosed several service medical records in support of her claims that indicated that she served in the Navy. In an August 1995 letter, VA responded. The relevant paragraphs of the letter read:

> Please note the paragraph(s) checked below: IGNORE ANY PARAGRAPH NOT CHECKED.
>
> ☐ 1. The evidence requested below should be submitted as soon as possible, preferably within 60 days, and in any case it must be received in the VA within one year from the date of this letter; otherwise benefits, if entitlement is established, may not be paid prior to the date of its receipt.
>
> ◼ a. The enclosed form(s) should be completed and returned to this office so that further action may be taken on your claim.

Record (R.) at 2185. Only paragraph 1a was checked. The letter indicated that "1-526" was enclosed; Form 1-526 (now Form 21-526) was VA's formal application form.[2]

After more than six years of silence, in October 2001 Ms. Jernigan submitted a completed VA Form 21-526, Veteran's Application for Compensation or Pension, seeking disability benefits for, among other conditions, back and stomach disabilities. In a statement submitted with the application, Ms. Jernigan wrote:

---

[2] Although frequently used both by VA and the Court, the term "formal claim" is not defined by statute or regulation. As far as the Court can determine, the use of this term flows from 38 C.F.R. § 3.160(b), which defines an "original claim" as "An initial formal application on a form prescribed by the Secretary," and referring to 39 C.F.R. §§ 3.151 (Claims for disability benefits) and 3.152 (Claims for death benefits). *See also Norris v. West*, 12 Vet. App. 413, 416 (1999) ("A formal claim is one that has been filed in the form prescribed by the Secretary.").

2

> I previously filed a claim for compensation at time of discharge. The [veterans service organization] officer assisted with this claim. However[,] VA sent claim back paperwork requesting additional forms be filled out. (See attached original paperwork sent in along with 5 pages of [service medical records]). I again request consideration for compensation for my back [and] . . . stomach condition[s] . . . . I am now enclosing VA [Form] 21-526 along with the original papers from 1995.

R. at 2171. Ms. Jernigan's application was submitted with a letter from her authorized representative that stated, "Please accept the attached material as an original application for benefits." R. at 2169.

In July 2002, a VA regional office granted disability benefits for gastroesophageal reflux disease, chronic lumbosacral strain, and residuals of an appendectomy scar, all effective as of October 31, 2001, the date VA received Ms. Jernigan's completed Form 21-526, which it treated as an original claim for benefits. Ms. Jernigan filed a Notice of Disagreement with the effective dates assigned. She asserted:

> I submitted an informal claim on a [Form] 21-4138 on July 21, 1995, which was received in the [regional office] on July 31, 1995. Subsequent to VA receiving the documents, VA returned all original claim documents to me, with no letter of explanation. I contend that specific error[s] of fact or law in the process of the recording of my claim . . . and failure of the VA to notify me of further action required, were made.

R. at 1895. She ultimately appealed to the Board.

In March 2010, the Board issued the decision on appeal. The Board determined that, as a matter of law, an effective date prior to October 31, 2001, could not be awarded. Specifically, the Board relied on the combination of 38 U.S.C. § 5101(a) and 38 C.F.R. §§ 3.151(a) and 3.155(a) to conclude that, because Ms. Jernigan did not return the formal application form to establish her original claim, *see* 38 C.F.R. § 3.160(b), within one year of August 1995, the earliest possible effective date for her disability benefits was the date of her properly filed original claim, October 31, 2001.

In her briefs, Ms. Jernigan argued that (1) the requirement in 38 C.F.R. § 3.155(a) that she return the formal application form within one year of receiving it was not in accordance with the law and should be struck down; (2) there is no substantive necessity to file a claim on a particular form; and (3) VA violated her right to due process when it failed to inform her of the time limit to return the form and the consequences for failing to do so. At oral argument, however, Ms. Jernigan framed

3

the issues as: "What is the proper effective date" for her award of benefits and "What is an application?" She conceded that she received VA's August 1995 letter with Form 1-526 attached and did not dispute that she did not return the form to VA within one year of receiving it. At oral argument, neither party raised or discussed due process or the Secretary's authority to implement a time limit in § 3.155(a).

## II. ANALYSIS

### A. Form and Timing of Claim

The effective date for an award of compensation benefits is the date of VA's receipt of the application or the date entitlement to the benefit arose, whichever is later. 38 U.S.C. § 5110(a);[3] 38 C.F.R. § 3.157(a) (2011). VA defines "Claim–Application" as "a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit." 38 C.F.R. § 3.1(p) (1995).[4] The parties agree that Mrs. Jernigan's July 1995 submission was an informal claim. "Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim." 38 C.F.R. § 3.155(a) (2011). This means that, where a claimant submits an informal claim and then submits the formal application form required by VA within one year of receiving it, if benefits are granted as a result of the claim, the effective date for payment of benefits will be the date VA received the informal claim.

### 1. Necessity of Formal Application Form

To the extent that Ms. Jernigan wishes to stand on the argument in her brief that no formal application form is required, the Court finds this assertion unpersuasive. Congress granted the Secretary the authority "to prescribe all rules and regulations which are necessary or appropriate to

---

[3] Specifically, section 5110(a) provides:

Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

[4] This regulation remains unchanged.

carry out the laws administered by [VA] and are consistent with those laws, including . . . the forms of application by claimants under such laws." 38 U.S.C. § 501(a)(2). Congress also provided that "[a] specific claim in the form prescribed by the Secretary . . . must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary." 38 U.S.C. § 5101(a). The Secretary's interpretation of those statutes as requiring a formal application form has long been accepted by the Court because the form contains particular features that informal claims typically do not. *See Fleshman v. Brown*, 9 Vet.App. 548, 551 (1996) (stating that the certification and execution requirement contained in the formal application form "is an essential element of the form prescribed by the Secretary and affords evidentiary significance to the statements contained on the application and serves as a release to allow VA to obtain the applicant's medical records"). To the extent that no formal finding has been made that the Secretary's interpretation of sections 501(a)(2) and 5101(a), contained in § 3.155(a), as requiring that VA receive a formal application form before benefits may be paid is a valid exercise of the Secretary's rulemaking authority, we make such a finding today.[5, 6] *See Mayo Foundation for Medical Educ. and Research v. United States*,

---

[5] This holding should not be construed as overruling prior cases in which the Court has determined that a formal application form was not required. *See, e.g., Quarles v. Derwinski*, 3 Vet.App. 129, 137 (1992) (holding that, where VA never sent the claimant a formal application form pursuant to § 3.155, the one-year time period to return it could not have begun to run and therefore the effective date of the claim was the date of the informal claim).

Similarly, our holding does not affect claims filed in situations in which the Secretary's own regulations specify that the formal application form contemplated by § 3.155(a) is not necessary. *See, e.g., Norris*, 12 Vet.App. at 417 (holding that, where the claimant was already service-connected for a psychiatric disability and a medical record indicated that his conditioned worsened, no formal application for a total disability rating based on individual unemployability was required because (1) a total disability rating based on individual unemployability is simply another way to get a 100% rating and (2) § 3.157(a) provides that medical examinations that show a worsening of an already service-connected condition are themselves informal claims for increases); 38 C.F.R. § 3.154 ("VA may accept as a claim for benefits under 38 U.S.C. § 1151 . . . any communication in writing indicating an intent to file a claim . . . under the laws governing entitlement to veterans' benefits for disability or death due to VA hospital care, medical or surgical treatment, examination, training and rehabilitation services, or compensated work therapy program, whether such communication is contained in a formal claim . . . or in any other document.").

[6] The Court acknowledges that there may be instances in which VA has acted on informal claims and granted benefits without a formal application ever being filed. However, the question raised by this case is whether VA's requiring a formal application form is a valid exercise of the Secretary's rulemaking authority. We hold that it is. If VA opts in some cases to treat informal claims as de facto applications, that is consistent with a veteran-friendly mandate and should be encouraged when possible (such as when a veteran is otherwise diligently pursuing his claim, unlike Ms. Jernigan). *See Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998) (stating that "[t]his court and the Supreme Court both have long recognized that the character of the veterans' benefits statutes is strongly and uniquely pro-claimant" and describing "the historically non-adversarial system of awarding benefits to veterans"); *Trilles v. West*, 13 Vet.App. 314, 326 (2000) (en banc) (describing "the VA pro-claimant nonadversarial claims adjudication process"). If VA opts not to, however, the statute and regulation do not permit the Court to force VA to do so.

131 S. Ct. 704, 711 (2011) (*Mayo Foundation*) (holding that, under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), courts "may not disturb an agency rule unless it is 'arbitrary or capricious in substance, or manifestly contrary to the statute'").

### 2. Timing and Effect of Return of Formal Application Form

#### a. Timing

In her briefs, Ms. Jernigan argues that, even if a formal application form is required, there is no statutory basis for the Secretary's one-year timeframe within which to return the formal application form created by § 3.155(a).

As briefly alluded to above, when an agency, through a formally promulgated regulation, interprets a statute it is charged with administering, judicial review of that interpretation is governed by the two-step inquiry articulated by the Supreme Court in *Chevron*. Under *Chevron*, the court must first determine "whether Congress has directly spoken to the precise question at issue." 467 U.S. at 842. If Congress has, "that is the end of the matter," and the only question remaining is whether the regulation at issue is in accordance with congressional intent. *Id.* at 842-43. Although, section 5103 (1995) stated that "if such evidence is not received within one year from the date of such notification, no benefits may be paid or furnished by reason of such application" Congress did not directly speak to the timing of an application for benefits in sections 501(a)(2) and 5101(a).

Where, as here, Congress has not directly spoken to the precise issue, there is a "gap" for the agency to fill. *See Gallegos v. Principi*, 283 F.3d 1309, 1312 (Fed. Cir. 2002). In this second step of the *Chevron* inquiry, courts may not disturb an agency rule unless it is "arbitrary or capricious in substance, or manifestly contrary to the statute." *Mayo Foundation*, 131 S. Ct. at 711. Instead, courts will defer to an agency's "reasonable interpretation" of the statute. *Id.* at 714; *Gallegos*, 283 F.3d at 1312. Here, the question is this: Is the Secretary's creation of a time limit to file a formal application form a reasonable interpretation of Congress's direction that VA prescribe the "form" in which applications for benefits may be made? We hold that it is.

"Form" has several definitions, but for these purposes, the Court finds that the most appropriate definition is, "[e]stablished behavior or procedure, usu[ally] according to custom or

rule." BLACK'S LAW DICTIONARY 723 (9th ed. 2004) [hereinafter BLACK'S].[7] Under this definition, it is eminently reasonable to interpret "form"–that is, the procedure for filing an application for benefits–to include a timing requirement, particularly in the context of VA, where finality often plays a crucial role. *See* 38 U.S.C. §§ 7105(b)(1), (c) ("[A] notice of disagreement shall be filed within one year from the date of mailing of notice of the result of initial review or determination. . . ." "If no notice of disagreement is filed . . . within the prescribed period, the action or determination shall become final."); 38 U.S.C. § 5109A(a) ("A [final] decision by the Secretary . . . is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised."); 38 U.S.C. § 5103 (1995) ("If such evidence is not received within one year from the date of such notification, no benefits may be paid or furnished by reason of such application."); 38 U.S.C. § 5108 ("If new and material evidence is presented or secured with respect to a claim which has been [finally] disallowed, the Secretary shall reopen the claim and review the former disposition of that claim."); *Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc) (holding that, once a regional office decision is final, a claimant may only attempt to overcome the finality of that decision in one of two ways: a request for revision of the decision based on clear and unmistakable error or a claim to reopen based upon new and material evidence); *Russell v. Principi*, 3 Vet.App. 310, 315 (1992) ("[T]here *is* finality in veterans' benefits jurisprudence. . . . Once there is a final decision on the issue of 'clear and unmistakable error' because the [regional office] decision was not timely appealed . . . that particular claim of 'clear and unmistakable error' may not be raised again.").

Further, VA was reasonable in establishing the one-year timing requirement for the return of the formal application form. Section 5103(a) (1995) states that if the application for benefits is incomplete, the Secretary shall notify the claimant of the evidence necessary to complete the application, and if that evidence "is not received within one year from the date of such notification, no benefits may be paid or furnished by reason of such application." *See also* 38 C.F.R. § 3.158(a) (1995) (stating that, where requested evidence is not received within one year of the date of the

_____

[7] Other definitions include: "1. The outer shape or structure of something, as distinguished from its substance or matter . . . . 3. A model; a sample; an example . . . . 4. The customary method of drafting legal documents, usu[ally] with fixed words, phrases, and sentences . . . . 5. A legal document with blank spaces to be filled in by the drafter . . . ." BLACK'S at 723

request, "further action will not be taken unless a new claim is received.").[8] Therefore, based on the language of section 5103, it was not "arbitrary or capricious in substance, or manifestly contrary to the statute" for VA to require that a formal claim be filed within one year of notification. *Mayo Foundation*, 131 S. Ct. at 711.

Although Ms. Jernigan argues that VA is not permitted to "'disguise the creation of additional requirements or limitations as interpretive regulations,'" Appellant's Brief (Br.) at 13 (quoting *Davenport v. Brown*, 7 Vet.App. 476, 482 (1995)), that is simply not what happened with the promulgation of § 3.155(a). Congress *expressly* delegated authority to VA to determine the appropriate "forms of application." 38 U.S.C. § 501(a)(2); *see also* 38 U.S.C. § 5101(a). That express delegation, along with the Court's determination that the Secretary's interpretation of "form" to include a timing requirement is reasonable, is sufficient to hold that § 3.155(a) is not "arbitrary or capricious in substance, or manifestly contrary to the statute." *Mayo Foundation*, 131 S. Ct. at 711.

### b. Effect

At oral argument, Ms. Jernigan conceded that a formal application form is required for VA to adjudicate a claim and award benefits, but argued that, in her case, the calculation of the *amount* of benefits to be paid should be calculated from the date VA received the informal claim, regardless of the date VA received the formal application form. In support of this argument, Ms. Jernigan relied on section 5110(a), the effective date statute, and § 3.1(p), which contains VA's definition of a claim. Ms. Jernigan asserted that, because section 5110(a) states that the effective date of an award is based on the date of the application and § 3.1(p) defines application as *either* an informal or formal writing that evinces an intent to seek benefits, the effective date of any benefits awarded must, in this case, be the date VA received her informal claim.[9] This interpretation is without merit.

Where only an informal claim has been submitted and the claimant has failed to complete and return a formal application that he or she received from the Secretary, the application for benefits

---

[8] This regulation remains unchanged.

[9] Ms. Jernigan attempts to bolster her position by asserting that her July 1995 informal claim had all the attributes of a formal claim. Because, however, VA's requirement of a formal application form is a valid exercise of the Secretary's rulemaking authority, it makes no difference what information Ms. Jernigan's July 1995 informal claim contained; a formal application form was a necessity.

is not in the form prescribed by the Secretary and is considered incomplete. *See Fleshman*, 9 Vet.App. at 551 ("The appellant's unexecuted claim form was an informal claim and would not have been in the form prescribed by the Secretary until he returned it with the requested information.") (citing *Kluttz v. Brown*, 7 Vet.App. 304, 306-07 (1994); 38 C.F.R. § 3.155(a)); *see also Quarles*, 3 Vet.App. at 137 (holding by implication that, where a claimant fails to return to the Secretary a formal claim application within one year of the submission of his informal claim, his informal claim is not a "cognizable claim for effective date purposes"). A claimant's attempt to establish an original claim remains incomplete until the formal application form is returned with all of the requested information. *See* 38 U.S.C. § 5103(a) (1995);[10] *Fleshman*, 9 Vet.App. at 552; 38 C.F.R. § 3.160(b).

Section 5110(a) provides: "*Unless specifically provided otherwise in this chapter*, the effective date of an award based on an original claim . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." (Emphasis added.) Chapter 51 includes section 5103(a), which, in 1995, stated, in addition to that portion given above, that if the missing evidence was not received by VA within one year of the request, "no benefits may be paid or furnished by reason of such application." 38 U.S.C. § 5103(a) (1995).[11] This portion of section 5103(a) expressly ruled out the possibility of an effective date as of the date VA received an informal (that is, incomplete) claim if the missing evidence was not received within one year of VA's request.

---

[10] Today, section 5103(a) provides, in pertinent part:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.

38 U.S.C. § 5103(a)(1).

[11] Today, this portion is codified at 38 U.S.C. § 5103(b): "In the case of information or evidence that the claimant is notified under subsection (a) is to be provided by the claimant, such information or evidence must be received by the Secretary within one year from the date such notice is sent."

To the extent that Ms. Jernigan, in her briefs, attempts to distinguish section 5103(a)'s request for "evidence" to complete the application, as opposed to "information" of the type that would be provided on a formal application form, the Court has already addressed this question and held that "evidence" in the 1995 statute encompassed "information" as well. *Robinette v. Brown*, 8 Vet.App. 69, 79 (1995); *see Davis v. Shinskei*, 22 Vet.App. 352, 354 (2009) ("As interpreted by the Court, [the 1995 version of section 5103(a)] required the Secretary to *both* notify a claimant regarding information needed to complete an application for benefits and to specifically advise a claimant who refers to the existence of relevant evidence to submit that evidence." (emphasis added)).[12]   In *Robinette*, the Secretary attempted to argue that the word "evidence" in section 5103(a) (1995) meant "that he must do no more than notify the claimant of what information is needed to 'complete' the claim form—for example, a social security number." 8 Vet.App. at 77.  The Court held that such an interpretation was too narrow a view of the word.  After analyzing the ordinary meaning of the word "evidence," the Court stated:

> The Secretary's interpretation of the language in section 5103(a) [(1995)] to mean only that the Secretary must help the person 'fill in the information required by the blanks on the form,' such as a social security number, conflicts with the plain meaning of 'evidence'.  That *'evidence' means more than just information to be filled in on the application form*, and that *an application includes the form plus evidence in support of the claim* flows not only from the plain meaning of the term but also from the VA Adjudication Procedure Manual, M21-1 (MANUAL M21-1).  The MANUAL M21-1 provides as follows:
>
> > **e. Defective or Incomplete Application Forms.** If an application is properly signed but is so incomplete that development for the specific information is not feasible, make a copy of the application and retain it as the file copy.  Return the original application to the claimant with a request to complete the indicated items checked in red. Ask the claimant to return it with any other required evidence.

*Id.* at 78 (emphasis added; bold in original) (citation omitted).  It is clear from this discussion that, in 1995, "evidence" in section 5103(a) also encompassed the "information" normally included on

---

[12] As a result of the Veterans Claims Assistance Act of 2000, the duties of the Secretary to advise the claimant of missing information to complete the application and to advise the claimant of the evidence necessary to substantiate his claim have been explicitly separated, the former now appearing at 38 U.S.C. § 5102(b) and the latter, as noted in footnote 9, above, at 38 U.S.C. § 5103(a)(1).  In 1995, however, the duties were contained in a single statute that used the word "evidence," which was interpreted in *Robinette* to include the information necessary to complete an application.

the formal application form. *See id.* at 79 ("[T]he Court reaffirms that section 5103(a) [(1995)] imposes more of an obligation on the Secretary than merely to advise of the need to 'complete' all blanks on the claim form.").

In light of this discussion, the Court concludes that, in most cases, the return of the formal application form controls the determination of the proper effective date, should benefits be awarded; that is, if it is returned within one year, the effective date is the date of the informal claim, and if it is not, the effective date is the date that it is returned. *But see, e.g., Quarles*, 3 Vet.App. at 137; *Norris*, 12 Vet. App. at 416; 38 C.F.R. §§ 3.154, 3.157. Specifically, if Form 21-526 is returned within one year of its receipt–a time period the Court has now determined is a reasonable interpretation of authorizing statutes–the effective date will be the date of the informal claim. 38 C.F.R. § 3.155(a). If it is not, the effective date will be the date of VA's receipt of the formal application form. *See* 38 U.S.C. § 5103(a) (1995); 38 U.S.C. § 5110(a); 38 C.F.R. §§ 3.158(a), 3.160(b).

## B. Duty To Notify

At oral argument, Ms. Jernigan asserted that, because the August 1995 notice she received from VA accompanying the formal application form was misleading or confusing, VA may not penalize her for failing to return the form within one year by denying her an effective date as of the date of her informal claim.[13] This argument, however, assumes that VA had a duty to notify claimants of the timeframe within which to return the claim form.

The Court need not reach this question because, even assuming a duty to notify and defective notice, there is nothing in the record that indicates that Ms. Jernigan relied to her detriment on the purportedly misleading notice. *See Edwards v. Peake*, 22 Vet.App. 29, 34-35 (2008) (citing *Day v. Shalala*, 23 F.3d 1052, 1066 (6th Cir. 1994); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995); *Burks-Marshall v. Shalala*, 7 F.3d 1346, 1349 (8th Cir. 1993)). From August 1995 to October 2001, the record is entirely silent regarding Ms. Jernigan's claim, and she has offered no explanation on appeal for the 6-year delay in returning Form 21-526 to VA. At oral argument, counsel for Ms. Jernigan asserted that, although he did not know whether Ms. Jernigan relied on the

---

[13] Before VA, Ms. Jernigan asserted that she did not receive the August 1995 VA letter; however, she abandoned that assertion before the Court.

allegedly misleading notice, one could presume that she had from the notice itself and the subsequent delay in submitting the formal application form, but he offered no authority for such a presumption, and our caselaw does not allow it. "The record simply does not support any assertion that the notice lulled the appellant into failing to act, and [her] arguments must be rejected because they are not supported by any demonstrable prejudice." *Edwards*, 22 Vet.App. at 35; *see Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (holding that the party asserting notice error has the burden of demonstrating prejudice).

## C. Due Process

In her briefs, Ms. Jernigan contends that the August 1995 VA notice letter "was not adequate to inform her of the regulatory time limitations by which she must respond or the significant consequence to her claim if she failed to do so." Appellant's Br. at 15. She asserts that such deficient notice "amounts to a failure of due process, as it effectively denied her a proper understanding of her responsibilities." *Id.* The Court disagrees.

This issue was addressed in one of the Court's earliest cases. In *Morris v. Derwinski*, 1 Vet.App. 260 (1991), the Court considered whether there was a due process violation where VA failed to advise a claimant of the abandonment provisions of 38 C.F.R. § 3.158 (1990) and the consequences of failing to submit the evidence requested by VA. That regulation provides:

> [W]here evidence requested in connection with an original claim . . . is not furnished within 1 year after the date of request, the claim will be considered abandoned. After the expiration of 1 year, further action will not be taken unless a new claim is received. Should the right to benefits be finally established . . . compensation . . . shall commence not earlier than the date of filing the new claim.

38 C.F.R. § 3.158(a). Because § 3.158(a) is a regulation interpreting section 5103(a) (1995),[14] and because that statute's use of the word "evidence" has been interpreted to include "information" such as that required on the formal application form, *Robinette*, 8 Vet.App. at 79, we conclude that, at least in claims controlled by the versions of these statutes and regulations extant in 1995, a claim was

---

[14] In 1991, when *Morris* was decided, section 5103(a) (1995) was codified at 38 U.S.C. § 3003(a):

If a claimant's application for benefits under the laws administered by [VA] is incomplete, the [Secretary] shall notify the claimant of the evidence necessary to complete the application. If such evidence is not received within one year from the date of such notification, no benefits may be paid or furnished by reason of such application.

also abandoned whenever a formal application form was not returned within one year after the date of its receipt by a claimant, absent special circumstances such as those identified in *Quarles*, 3 Vet.App. at 137, and *Norris*, 12 Vet. App. at 416.[15, 16]  Accordingly, *Morris* directly controls the disposition of Ms. Jernigan's due process argument.

In *Morris*, the Court stated:

> Appellant raises a Due Process Clause argument that he was never notified that claims are subject to abandonment pursuant to 38 C.F.R. § 3.158(a). . . . [T]he Secretary correctly argues that appellant's contention is without legal merit because the abandonment pursuant to 38 C.F.R. § 3.158(a) cannot be set aside or waived on grounds of alleged ignorance of regulatory requirements. The Supreme Court has held that everyone dealing with the Government is charged with knowledge of federal statutes and lawfully promulgated agency regulations. *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384–85. . . (1947).  Thus, regulations are binding on all who seek to come within their sphere, "regardless of actual knowledge of what is in the [r]egulations or of the hardship resulting from innocent ignorance." *Id.* at 385 . . . . "The 'presumption' that everyone knows the law is simply a more colorful way of stating the principle that ignorance of the law is irrelevant." 21 C. Wright & K. Graham, *Federal Practice and Procedure* § 5124, at 588 (1977) (footnote omitted). In the case at hand, appellant, even though he may have been ignorant of the abandonment provisions of 38 C.F.R. § 3.158(a), is necessarily charged with knowledge of the regulation.

*Morris*, 1 Vet.App. at 265.  It is clear, based on *Morris*, that Ms. Jernigan's due process argument based on lack of notice must also fail.  Moreover, as discussed above, there is no evidence that Ms. Jernigan relied on VA's allegedly misleading notice to her detriment.  *See Day*, 23 F.3d at 1066

---

[15] The Court recognizes that it is generally not permitted to affirm the Board's decision on a ground other than that relied on by the Board.  *See Newhouse v. Nicholson*, 497 F.3d 1298, 1301 (Fed. Cir. 2007) (citing *Sec. & Exchange Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947) and referring to the "*Chenery* doctrine").  To the extent that this statement could be construed as such, the Court notes that the *Chenery* doctrine is not implicated when "it is clear that 'the agency would have reached the same ultimate result' had it considered the new ground." *Fleshman v. West*, 138 F.3d 1429, 1433 (Fed. Cir. 1998) (quoting *Ward v. Merit Sys. Protection Bd.*, 981 F.2d 521, 528 (Fed. Cir. 1992)).  Moreover, although the Board did not expressly find that Ms. Jernigan abandoned her July 1995 claim when she failed to return the formal application form within one year, it found the necessary predicate facts for that conclusion, and there can be no other characterization of that claim in light of section 5103(a) (1995), *Davis*, and § 3.158(a).

[16] We need not and do not reach the question of whether, under the current versions of these statutes and regulations, failure to return the requested information (that is, the formal application form, where required) would result in abandonment of the claim. *See* 38 U.S.C. § 5102(b). We also note that regardless of whether, as a result of her failure to return the formal application form within one year, Ms. Jernigan's July 1995 informal claim is characterized as abandoned or simply non-existent, the effective date of the "original" claim (as defined by 38 C.F.R. § 3.160(b), *see* fn.2, supra) filed in October 2001 remains unchanged.

(holding that, although the denial notice that claimants received "failed to satisfy the requirements of due process, the only claimants who could have been injured by the inadequacy are those who detrimentally relied on the inadequate denial notice"); *Gilbert*, 45 F.3d at 1394 ( "[A] plaintiff must demonstrate reliance on the allegedly defective denial notices."); *Burks-Marshall*, 7 F.3d at 1349 (holding that an appellant has no standing to raise a due process issue where he "has not shown that the alleged deficiency in the notice had any connection in fact with h[is] own failure to seek review of" the denial of his claim).

In light of the above discussion, the Court concludes that the Board's determination that an effective date prior to October 31, 2001, for the award of VA disability benefits for gastroesophageal reflux disease, a lumbosacral strain, and an appendectomy scar was not warranted was not clearly erroneous. 38 U.S.C. § 7261(a)(4); *see Hanson v. Brown*, 9 Vet.App. 29, 32 (1996)*; Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990).

## III. CONCLUSION

The March 23, 2010, Board decision is AFFIRMED.

14