Citation Nr: 1237371 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 10-19 052 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUES

1. Entitlement to service connection for neurological manifestations of both upper extremities (as secondary to service-connected lumbar disc disease). 

2. Entitlement to service connection for neurological manifestations of both lower extremities (as secondary to service-connected lumbar disc disease).


REPRESENTATION

Appellant represented by: National Association of County Veterans Service Officers


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

K.S. Hughes, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from May 1985 to May 1989. This matter is before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision by the Newark, New Jersey, Department of Veterans Affairs (VA) Regional Office (RO). In June 2011, a Travel Board hearing was held before the undersigned. A transcript of that hearing is associated with the claims file. In September 2011 the case was remanded for additional development.


FINDING OF FACT

In September 2011, the Veteran was asked to provide identifying information and the releases needed to secure pertinent outstanding evidence necessary to adjudicate his claims of service connection for neurological manifestations of both upper and both lower extremities (as secondary to service-connected lumbar disc disease); more than a year has lapsed since that request; he has not responded.


CONCLUSION OF LAW

By failing to submit requested identifying information and releases for critical evidence needed to properly adjudicate his claims of service connection for neurological manifestations of both upper and both lower extremities (as secondary to service-connected lumbar disc disease), the Veteran has abandoned such claims, and his appeal in these matters must also be considered abandoned. 38 U.S.C.A. §§ 5107, 7105(d)(5) (West 2002); 38 C.F.R. § 3.158(a) (2012).


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). The VCAA applies to the instant claims. Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 C.F.R. § 3.159(b)(1). VCAA notice requirements apply to all five elements of a service connection claim: 1) veteran status; 2) existence of a disability; 3) a connection between the veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 484-86 (2006), aff'd, 483 F.3d 1311 (Fed. Cir. 2007). VCAA notice should be provided to a claimant before the initial unfavorable agency of original jurisdiction decision on a claim. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). 

The Veteran was advised of VA's duties to notify and assist in the development of his claims prior to their initial adjudication. Specifically, a February 2009 letter explained the evidence necessary to substantiate the claims, the evidence VA was responsible for providing, and the evidence he was responsible for providing. As the appeal is being dismissed, propriety of notice regarding disability ratings and effective dates is moot. The Veteran has had ample opportunity to respond/supplement the record, and has not alleged that notice in this case was less than adequate.

The Veteran's service treatment records (STRs) and postservice VA and some private treatment records are associated with his claims file. As explained below, further pertinent (considered critical) evidence is outstanding. However, such evidence cannot be obtained without the Veteran's cooperation (by providing identifying information and authorization for release of records). In September 2011, the RO asked the Veteran to provide the information and releases. He has not responded, and further development cannot proceed without his cooperation. 

The RO arranged for VA examinations of the Veteran in July 2009 (spine) and September 2009 (neurological disorders) in conjunction with his claims (prior to completion of the evidentiary development requested). The Board observes that the opinions offered then are based on a less than complete factual background, and inadequate. Given the circumstances, VA has met its assistance obligations. No further assistance is required.

Legal Criteria, Factual Background, and Analysis

Where evidence requested in connection with an original claim or a claim for increase is not furnished within 1 year after the date of the request, the claim will [emphasis added] be considered abandoned. 38 C.F.R. § 3.158(a). 

The Board's September 2011 remand noted that an October 2009 letter from the Veteran's private physician at Total Patient Care, A. G., M.D., states that the Veteran reported "symptoms of numbness and pain in both lower extremities" and that "[t]esting has confirmed that he has Neuropathy (emphasis added)." [Notably, a VA examination had noted only subjective complaints.] The remand also noted that, at his June 2011 Travel Board hearing, the Veteran reported that he was scheduled to undergo additional evaluation to determine if he has neurological problems secondary to disc disease. He was afforded a 60-day abeyance period for submission of records of the upcoming evaluation; that period of time had lapsed, and no additional evidence was received. As the presence of the claimed disabilities is a critical question that must be resolved in this matter, the records of the evaluation and testing that is reported to have shown such pathology is pertinent (indeed critical) evidence in the matters at hand, and the Board sought to obtain such records.

In September 2011, the Appeals Management Center (AMC) sent the Veteran a letter asking him to complete and return the enclosed VA Form 21-4142 (Authorization and Consent to Release Information to the Department of Veterans Affairs) so that VA could secure records of any treatment he received from Total Patient Care and specifically the reports of the testing cited by Dr. A. G. As was explained above, this information is needed to resolve the critical question of whether or not the Veteran has the claimed disabilities. The letter was mailed to his current address, and was not returned as undelivered. He has not responded. More than a year has passed since the September 2011 request.

The critical facts at this stage are clear. The Veteran has not provided the releases necessary for VA to secure critical evidence pertaining to his claim seeking service connection for neurological manifestations of both upper and both lower extremities (as secondary to service-connected lumbar disc disease). The Board is presented with a less than complete disability picture, made so by the Veteran's failure to cooperate. In such circumstances proper merits adjudication is not possible. The regulation governing in this situation, 38 C.F.R. § 3.158(a), is clear and unambiguous, and mandates that the claim will be considered abandoned. See Hurd v. West, 13 Vet. App. 449, 452 (2000) (when the RO requests additional evidence and the appellant does not respond within one year, the claim is considered abandoned under 38 C.F.R. § 3.158); Wamhoff v. Brown, 8 Vet. App. 517, 521-22 (1996) (when an appellant does not furnish the requested evidence within the specified one year of the request, the RO is required, by VA regulations, to consider the claim abandoned) (emphasis added). Notably, more recently the Court has held that even if an appellant is ignorant of the abandonment provisions of 38 C.F.R. § 3.158(a), VA regulations are "binding on all who seek to come within their sphere," regardless of whether an appellant has actual knowledge of what is in the regulations. See Jernigan v. Shinseki, 25 Vet. App. 220 (2012). 

Hence, the Board has no recourse but to conclude that the Veteran has abandoned this claim. See Hyson v. Brown, 5 Vet. App. 262 (1993). As the claims for service connection for neurological manifestations of both upper and both lower extremities (as secondary to service-connected lumbar disc disease) are abandoned, there is no allegation of error in fact or law for appellate consideration in the matters. Under 38 U.S.C.A. § 7105(d)(5), the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed.


ORDER

The appeal seeking service connection for neurological manifestations of both upper and both lower extremities (as secondary to service-connected lumbar disc disease) is dismissed.


____________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs