NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JIMMY D. WOODS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7070

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-2832, Judge John J. Farley, III.

---

Decided: August 10, 2012

---

JIMMY D. WOODS, Glendale Arizona, pro se.

RICHARD SCHROEDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON,

Director, and KIRK T. MANHARDT, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before NEWMAN, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

Jimmy D. Woods appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal of a July 16, 2010 decision by the Board of Veterans Appeals ("Board") for lack of jurisdiction. *See Woods v. Shinseki*, No. 10-2832 (Vet. App. Sept. 29, 2011). Because the Veterans Court correctly determined that it lacked jurisdiction over Mr. Woods's appeal, we *affirm*.

## I. BACKGROUND

Mr. Woods served on active duty from August 1979 to October 1982. He began receiving service-connected compensation for Osgood-Schlatter's disease of the bilateral knees in October 1982 and for tendinitis of the left shoulder in August 1994.

In August 2006, Mr. Woods was found guilty of two counts of theft and two counts of fraudulent schemes and artifices in Arizona state court. He was sentenced to probation, community service, and ordered to pay $6,593 in restitution to the Department of Veterans Affairs ("VA"). Based on his conviction, the Office of Inspector General requested that the VA Regional Office ("RO") establish a $6,593 overpayment and terminate Mr. Woods's disability compensation. On February 15, 2007,

the RO sent him a notification of termination of benefits, effective February 1, 2007.

Mr. Woods appealed this termination to the Board. The Board found that Mr. Woods had not been given the requisite sixty days in which to submit evidence on his own behalf prior to the termination of his benefits, and thus had been deprived of his due process rights. Because of this procedural error, the Board ordered that Mr. Woods's benefits be restored as of February 1, 2007. However, the Board cautioned that its decision did "not preclude the RO from once again terminating [Mr. Woods's] benefits after properly following all necessary notice procedures for the termination of benefits . . . ." *See In re Woods*, No. 08-30 070A, slip op. at 6 (Bd. Vet. App. July 16, 2010). Moreover, the Board did not, as Mr. Woods requested, overturn his state court convictions or alleviate him of his obligation to pay restitution to the VA as ordered by the state court.

Mr. Woods appealed the Board's decision to the Veterans Court, arguing that the Board had failed to address his constitutional claims related to his state court conviction. But since the Board had reinstated Mr. Woods's benefits and therefore had found in his favor, the Veterans Court determined that it was not presented with a case or controversy over which it possessed jurisdiction. Accordingly, the Veterans Court dismissed his appeal for lack of jurisdiction.

Mr. Woods timely appealed the Veterans Court's decision. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

Because the Board's holding reinstated his benefits and was therefore favorable to Mr. Woods, the Veterans Court appropriately dismissed his appeal. We have recognized that, while the Veterans Court is not formally bound to the "case or controversy" requirement of Article III, its decision to adopt that requirement before deciding a case is valid. *Zevalkink v. Brown*, 102 F.3d 1236, 1243 (Fed. Cir. 1996).

Additionally, we have considered all of Mr. Woods's arguments directed to his state court conviction and find them unpersuasive. The Veterans Court only has jurisdiction to review decisions of the Board and cannot grant relief from a state court criminal conviction. *See* 38 U.S.C. § 7252(a). Moreover, we may only review decisions of the Veterans Court pursuant to 38 U.S.C. § 7292. In other words, nowhere in this specialized appellate scheme are we or the Veterans Court granted authority to overturn a state court's criminal conviction. Accordingly, we conclude that the Veterans Court properly dismissed Mr. Woods's appeal.

### COSTS

Each party shall bear its own costs.

### **AFFIRMED**