NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BETZAIDA P. JERNIGAN,**
*Claimant-Appellant*

**v.**

**ROBERT L. WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2235

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-2918, Judge Amanda L. Meredith.

---

Decided: April 10, 2020

---

BETZAIDA P. JERNIGAN, Lake Helen, FL, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, JULIE HONAN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, *Chief Judge,* O'MALLEY and TARANTO, *Circuit Judges.*

PER CURIAM.

Betzaida P. Jernigan appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing her appeal of a January 29, 2018 decision of the Board of Veterans' Appeals ("Board") for lack of jurisdiction. *Jernigan v. Wilkie*, No. 18-2918, 2019 WL 273140 (Vet. App. Jan. 22, 2019). Because the Veterans Court correctly concluded that it lacked jurisdiction over Jernigan's appeal, we *affirm*.

## BACKGROUND

Jernigan served on active duty in the United States Navy from April 1989 until May 1995.

In a decision dated January 29, 2018, the Board granted Jernigan service connection for right shoulder arthritis with tendinitis and right upper extremity cervical radiculopathy. Resp't Suppl. App. ("S. App.") 11–26. In the "Introduction" section of that decision, the Board explained relevant procedural history, including that the issue on appeal before it was one of several issues addressed by an earlier, June 2016 Board decision. *Id.* at 1. Specifically, the Board indicated that the 2016 decision: (1) remanded Jernigan's claim for entitlement to service connection for a right shoulder disorder (the sole issue before the 2018 Board); and (2) explained that Jernigan's "claims of entitlement to earlier effective dates for grants of service connection for gastroesophageal disease, a lumbar spine disorder, and appendectomy scar were no longer in appellate status as [she] had exhausted her remedies." *Id.* at 13.

Jernigan filed a Notice of Appeal to the Veterans Court, challenging the Board's January 2018 decision. *Jernigan*, 2019 WL 273140, at *1. Jernigan later clarified that she

was only appealing the Board's January 2018 remarks in its introduction that her earlier effective date claims for gastroesophageal disease, lumbar spine disorder, and appendectomy scar were not in appellate status. *Id.* Because the Board's 2018 decision on appeal was favorable to Jernigan, and because Jernigan stated that she only objected to statements in that decision regarding a prior, now final claim, the Veterans Court ordered Jernigan to show cause why her appeal should not be dismissed for lack of jurisdiction. *Id.*

In response, Jernigan reiterated that she was not challenging the Board's January 2018 grant of benefits for right shoulder arthritis. Instead, she disputed "an unfavorable conclusion" in the Board's decision that, according to Jernigan, changed her "appeal status relating to a separate matter . . . submitted on a valid Notice of Disagreement in June 2014." *Id.*

In a decision dated January 22, 2019, the Veterans Court dismissed Jernigan's appeal for lack of jurisdiction. In doing so, the court explained that the Board's January 2018 decision was favorable to Jernigan and that the remarks in the introduction section of the Board's decision did not change the appellate status of her other earlier effective date claims. *Id.* The court further explained that Jernigan's earlier effective date claims—for gastroesophageal disease, a lumbar spine disorder, and an appendectomy scar—were previously appealed to the Veterans Court and were denied. *Id.* at \*1 n.2 (citing *Jernigan v. Shinseki*, 25 Vet. App. 220 (2012), *aff'd* 521 F. App'x 931 (Fed. Cir. 2013), *cert. denied* 572 U.S. 1062 (2014)). Those earlier claims were not before the Board when it rendered its 2018 decision and are not before this court on appeal.

Jernigan moved for reconsideration by a panel. S. App. 6. The Veterans Court granted the motion, and the panel

held that the January 2019 single-judge order would remain the decision of the court.  The court entered final judgment on April 12, 2019.  This appeal followed.

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute.  Pursuant to 38 U.S.C. § 7292(a), the court may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."  Unless the case presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).  We have recognized, however, that the "jurisdictional reach of the Veterans Court presents a question of law for our plenary review."  *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000).

On appeal, the government argues that we should dismiss this appeal for lack of jurisdiction because, although Jernigan asserts in her informal brief that the Veterans Court's decision involved the validity or interpretation of a statute or regulation, review of the court's decision makes clear it did not engage in that type of analysis.  Nor did it decide any constitutional issues.[1]  Instead, the Veterans Court dismissed Jernigan's appeal for lack of jurisdiction.

By statute, the Veterans Court's jurisdiction is limited to review of final Board decisions that are adverse to the claimant.  38 U.S.C. § 7266(a); *Bond v. Derwinksi*, 2 Vet. App. 376, 377 (1992).  A claimant therefore must be "ad-

---

[1]    Indeed, Jernigan expressly indicates in her informal brief that the Veterans Court's decision did not decide a constitutional issue.  Appellant Informal Br. 1, item 3.

versely affected" by a decision of the Board in order to appeal to the Veterans Court. *Zevalkink v. Brown*, 102 F.3d 1236, 1243 (Fed. Cir. 1996) (noting that the Veterans Court "considers this a 'standing' requirement and that a party must, therefore, show some actual or threatened injury"). Accordingly, the Veterans Court lacks jurisdiction over Board decisions that are favorable to the veteran. *Woods v. Shinseki*, 492 F. App'x 112, 114 (Fed. Cir. 2012) ("Because the Board's holding reinstated his benefits and was therefore favorable to [the veteran], the Veterans Court appropriately dismissed his appeal.").

Here, the Board's January 2018 decision that Jernigan appealed to the Veterans Court addressed a single issue: entitlement to service connection for a right shoulder disorder. The Board granted that claim, awarding service connection for right shoulder arthritis with tendinitis and right upper extremity cervical radiculopathy.

Before the Veterans Court, Jernigan made clear that she is not dissatisfied with the Board's decision in this appeal—only with its recitation of procedural history relating to other claims that were separately adjudicated in full.[2] Because the Board's 2018 decision granted Jernigan the benefits she sought and thus was entirely in her favor, there was no adverse action she could appeal to the Veter-

---

[2]    As the Veterans Court noted, Jernigan's earlier effective date claims for gastroesophageal reflux disease, a lumbar spine disorder, and an appendectomy scar were considered and denied by the Board in 2010, the Veterans Court in 2012, and this court in 2013. *Jernigan*, 2019 WL 273140, at *1, n.2. To the extent Jernigan's informal brief seeks to assert clear and unmistakable error relating to those claims, she cannot do so for the first time on appeal.

ans Court. *See* 38 U.S.C. § 7266(a). Accordingly, the Veterans Court did not err when it dismissed Jernigan's appeal for lack of jurisdiction.

## CONCLUSION

Because the Veterans Court correctly concluded that it lacked jurisdiction over Jernigan's appeal, we *affirm*.

## **AFFIRMED**

## COSTS

No costs.