Citation Nr: 1806313 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 10-22 537A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Jarrette A. Marley, Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from July 1979 to September 2001. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision by the Atlanta, Georgia Department of Veterans Affairs (VA) Regional Office (RO) that, in part, granted service connection for chronic hypertensive kidney disease with hypertension. See Rice v. Shinseki, 22 Vet. App. 447 (2009). In a November 2012 rating decision, the RO denied entitlement to TDIU. 

In May 2013, the Veteran testified before the undersigned Veterans Law Judge in a video conference hearing. 

This matter was previously before the Board in June 2013 and June 2017 when, in part, it was remanded for additional development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDING OF FACT

By February 2015 and July 2017 letters, the Veteran was asked to provide information necessary to adjudicate his claim of entitlement to TDIU, to include submitted a completed VA Form 21-8940; more than a year has lapsed since the initial request, and he has not submitted the requested evidence and information. 





CONCLUSION OF LAW

By failing to submit requested information and/or forms for critical evidence needed to properly adjudicate his claim of TDIU, the Veteran has abandoned such claim, and his appeal in this matter must also be considered abandoned. 38 U.S.C. §§ 5107, 7105(d)(5) (2012); 38 C.F.R. § 3.158(a) (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

When evidence requested in connection with an original claim or a claim for increase is not furnished within a year of the request, the claim will be considered abandoned. 38 C.F.R. § 3.158(a). 

In January 2012, the Veteran contacted the RO to submit a claim of entitlement to TDIU. See VA Form 21-0820 (Report of General Information). In March 2013, the Veteran submitted a VA Form 21-8940 (Veterans Application for Increased Compensation Based on Unemployability). Pursuant to June 2013 Board remand instructions, the RO again contacted the Veteran informing he may submit lay statements regarding the impact of his service-connected disabilities on his ability to work. In August 2013 correspondence, the Veteran responded that he had enclosed all the remaining information or evidence that would support his claim, or that he had no other information or evidence to give VA to support his claim. 

In a February 2015 VCAA notice letter, the RO informed the Veteran that he may be entitled to compensation at the 100 percent rate if he is unable to secure and follow a substantially gainful occupation because of his service-connected disabilities. The letter directed the Veteran that if he believes he qualifies, to complete, sign, and return the enclosed VA Form 21-8940. The letter also directed the Veteran to ask his last employer to complete and return the enclosed VA Form 21-4192 (Request for Employment Information), and complete and return the enclosed VA Form 21-4142 (Authorization and Consent to Release Information) for each health care provider. A May 2015 RO letter also requested additional evidence from the Veteran, requesting that he submit any lay statements regarding the impact of his service-connected disabilities on his ability to work, and to identify all treatment providers for his service-connected disabilities. 

In June 2017, because it was unclear whether the Veteran's current employment was "substantially gainful" within the meaning of 38 C.F.R. § 4.16, the Board remanded the matter again to determine his annual income from 2011 to the present, for lay statements or supporting documentation listing the nature, duties, and responsibilities of his employment as a ramp agent with an airline company, as well as any accommodations he has been provided, and their nature and cause. See Cantrell v. Shulkin, 28 Vet. App. 382 (2017). In a July 2017 VCAA notice letter, the RO informed the Veteran that he may be entitled to compensation at the 100 percent rate if he is unable to secure and follow a substantially gainful occupation because of his service-connected disabilities. The letter directed the Veteran that if he believes he qualifies, to complete, sign, and return the enclosed VA Form 21-8940. The letter also directed the Veteran to provide his annual income from 2011 to the present, and supporting documentation (e.g., copy of tax returns) if he desired. He was also instructed to submit lay statements or documentation of the nature, duties, and responsibilities of his employment as a ramp agent, and any accommodations he has been provided. The Board also notes that a separate July 2017 RO letter informed the Veteran that a request for records from the Social Security Administration received a response that the requested evidence could not be provided to VA because there were no medical records. 

The critical facts at this stage are clear. Since providing a VA Form 21-8940 in March 2013, the Veteran has not provided the information or VA forms necessary for VA to adjudicate his claim of entitlement to TDIU. Although the record contains some information regarding his employment history, the Veteran has not provided all of the information necessary to adjudicate his claim for TDIU, to include his annual income since 2011; statements or documentation of the nature, duties, and responsibilities of his employment as a ramp agent; statements or documentation of any accommodations he has been provided, and their nature and cause; supporting lay statements regarding the impact of his service-connected disabilities on his ability to work, or; submitting a VA Form 21-4192 from his employer. The Board is presented with a less-than-complete evidentiary picture, made so by the Veteran's failure to cooperate. In such circumstances, proper adjudication on the merits is not possible. The governing regulation in this situation, 38 C.F.R. § 3.158(a), is clear and unambiguous, and mandates that the claim will be considered abandoned. See Hurd v. West, 13 Vet. App. 449, 452 (2000) (when the RO requests additional evidence and the appellant does not respond within one year, the claim is considered abandoned under 38 C.F.R. § 3.158); Wamhoff v. Brown, 8 Vet. App. 517, 521-22 (1996) (when an appellant does not furnish the requested evidence within the specified one year of the request, the RO is required, by VA regulations, to consider the claim abandoned). Notably, the Court has held that even if an appellant is ignorant of the abandonment provisions of 38 C.F.R. § 3.158(a), VA regulations are "binding on all who seek to come within their sphere," regardless of whether an appellant has actual knowledge of what is in the regulations. See Jernigan v. Shinseki, 25 Vet. App. 220, 229-30 (2012). 

Hence, the Board has no recourse but to conclude that because of his failure to cooperate, the Veteran has abandoned his claim. As such, the Board finds that the appeal must be denied. 


ORDER

Entitlement to TDIU is denied. 





____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs