Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 210415-153014
DATE: July 30, 2021

ORDER

An initial disability rating in excess of 50 percent for bilateral hearing loss is denied.

An initial disability rating in excess of 10 percent for tinnitus is denied.

An earlier effective date prior to July 15, 2019, for the grant of service connection for bilateral hearing loss is denied.

An earlier effective date prior to July 15, 2019, for the grant of service connection for tinnitus is denied.

REMANDED

Entitlement to a total disability rating based on individual unemployability (TDIU) is remanded.

FINDINGS OF FACT

1. Throughout the rating period on appeal, the weight of the competent and probative evidence shows at worst Level IX hearing on the right ear and Level VIII hearing on the left ear, with exceptional patterns of hearing loss in both ears.

2. The Veteran is in receipt of the maximum schedular rating for tinnitus.

3. The record includes no communication from the Veteran received earlier than July 15, 2019, which constitutes either a formal or informal claim of service connection for bilateral hearing loss.

4. The record includes no communication from the Veteran received earlier than July 15, 2019, which constitutes either a formal or informal claim of service connection for tinnitus.

5. The July 15, 2019 claim for hearing loss and tinnitus received by VA is more than a year after the Veteran's discharge from active duty service. 

CONCLUSIONS OF LAW

1. The criteria for a disability rating in excess of 50 percent for bilateral hearing loss are not met. 38 U.S.C. §§ 1110, 1155, 5107(b); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.10, 4.85, 4.86, Diagnostic Code (DC) 6100.

2. The criteria for a disability rating in excess of 10 percent for tinnitus are not met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 3.321(b)(1), 4.3, 4.7, 4.10, 4.87, 

DC 6260.

3. The criteria for an effective date earlier than July 15, 2019, for service connection for bilateral hearing loss are not met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.1, 3.155, 3.400.

4. The criteria for an effective date earlier than July 15, 2019, for service connection for tinnitus are not met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.1, 3.155, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1951 to October 1952. This matter is before the Board of Veterans' Appeals (Board) on appeal from an August 2020 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) that was issued after the Veteran requested a higher-level review of a September 2019 rating decision that granted service connection for tinnitus and an October 2019 rating decision that granted service connection for bilateral hearing loss.

The Veteran selected the Evidence docket without a Board hearing in the Appeals Modernization Act (AMA) review system by submitting a VA Form 10182 (Evidence Submission Request: Board (Notice of Disagreement)) in April 2021. Accordingly, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative within 90 days following receipt of the VA Form 10182, Notice of Disagreement. 38 C.F.R. § 20.303.

The Board notes that the Veteran, through his authorized attorney representative, explicitly raised the issue of entitlement to a TDIU based on tinnitus and bilateral hearing loss. See 4/15/2021 VA Form 10182; see also 4/15/2021 VA 21-8940. Although not adjudicated by the RO, the issue of a TDIU is part and parcel of a claim for a higher evaluation, and the Veteran has asserted that his service-connected disabilities cause his inability to work. See Rice v. Shinseki, 22 Vet. App. 447, 453 (2009). Therefore, the issue of the Veteran's entitlement to a TDIU is properly before the Board.

Increased rating

Disability ratings are determined by applying the criteria set forth in the 

VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The percentages are based on the average impairment of earning capacity as a result of service-connected disability, and separate diagnostic codes identify the various disabilities and the criteria for specific ratings. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

If two disability evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. All reasonable doubt as to the degree of disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3. 

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the primary concern is the present level of disability. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). 

In view of the number of atypical instances it is not expected, especially with the more fully described grades of disabilities, that all cases will show all the findings specified. Findings sufficiently characteristic to identify the disease and the disability therefrom, and above all, coordination of rating with impairment of function will, however, be expected in all instances. 38 C.F.R. § 4.21.

The Veteran is competent to report symptoms observable by sense and contemporaneous medical diagnoses, but not competent to diagnose or assess the etiology of complex medical disorders. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

1. An initial disability rating in excess of 50 percent for bilateral hearing loss

The Veteran contends that he is entitled to a disability rating in excess of 

50 percent for bilateral hearing loss, evaluated under DC 6100. Specifically, he contends that his hearing loss disability worsened. Additionally, he stopped working as a bus driver because his inability to hear became a safety hazard, as he could no longer hear alert honks. Further, he is not able to watch TV at a normal volume and relies on his wife to talk on the phone, cook, grocery shop, and communicate at doctor's appointments. See 4/15/2021 Correspondence; see also 4/15/2021 VA Form 10182, at page 4.

As mentioned above, the Veteran asserts in an April 2021 Correspondence that his disability worsened, which would typically result in a remand for another 

VA examination under the Legacy System. However, under the AMA system, 

a remand for this reason would not be appropriate, as the Veteran's report of worsening appears to relate to the period after he was notified of the AMA rating decision. This is not to say that a Veteran who claims subsequent worsening is without recourse or evidence will never be considered. Once provided with a Board decision, the Veteran may file a supplemental claim within one year, with additional evidence showing that the disability had worsened and preserve the effective date for any award of benefits based on the new evidence.

Disability ratings for hearing loss are assigned based on the results of controlled speech discrimination tests combined with the results of pure tone audiometry tests. See 38 C.F.R. §§ 4.85-4.86. An examination for VA rating purposes must be conducted by a state-licensed audiologist and must include a controlled speech discrimination test, specifically, the Maryland CNC test, and a pure tone audiometry test. 38 C.F.R. § 4.85(a). Further, disability ratings for hearing impairment are assigned through a structured formula, i.e., a mechanical application of the rating schedule to numeric designations that are assigned after audiometric evaluations have been rendered. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992).

First, a Roman numeral designation of I through XI is assigned for the level of hearing impairment in each ear. Table VI is used to determine a Roman numeral designation based on a combination of the speech discrimination percentage and the average pure tone threshold, or the sum of the pure tone thresholds at 1000, 2000, 3000, and 4000 Hertz, divided by four. After a Roman numeral designation has been assigned for each ear, Table VII is used to determine the compensation rate by combining such designations for hearing impairment in both ears. 38 C.F.R. § 4.85.

When the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86(a). When the pure tone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. That numeral will then be elevated to the next higher. 38 C.F.R. § 4.86(b).

After reviewing the relevant medical and lay evidence and applying the above laws and regulations, the Board finds that the Veteran is not entitled to a disability rating in excess of 50 percent for bilateral hearing loss.

The Board first notes that based on the relevant competent audiological evidence the Veteran does have an exceptional pattern of hearing impairment in both ears. See 38 C.F.R. § 4.86. All applicable tests include valid pure tone scores. As such, the more favorable Table applies. See 38 C.F.R. §§ 4.85, 4.86.

After the Veteran filed a claim for hearing loss in July 2019, the October 2019 rating decision granted service connection and assigned an initial disability rating of 50 percent, effective July 15, 2019.

A September 2019 VA examination, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 70 80 95 100 100+

LEFT 60 80 85 85 100

The right ear had an average of 94 decibels and the left ear had an average of 

88 decibels. The VA examiner indicated "CNT" for each ear with respect to speech discrimination, indicating it could not be tested. The VA examiner reported that speech discrimination scores were not available. See 9/9/2019 C&P Exam. Based on the foregoing, Table VIA is applicable. See 38 C.F.R. §§ 4.85(c).

Utilizing Table VIA, 94 decibels pure tone threshold average for the right ear results in the designation of a Roman numeral IX. For the left ear, the 88 decibels pure tone threshold average results in the designation of a Roman numeral VIII. When the Roman numerals IX and VIII are applied to Table VII, the resulting percentage evaluation is 50 percent. Id.

Following the September 2019 VA examination, the Veteran was tested again in October 2019. Pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 70 80 95 100 100+ 

LEFT 60 80 85 85 100

The right ear had an average of 94 decibels and the left ear had an average of 

88 decibels. The VA examiner indicated "CNT" for each ear with respect to speech discrimination, indicating it could not be tested. The VA examiner reported that speech discrimination scores were not available. See 10/17/2019 C&P Exam. Based on the foregoing, Table VIA is applicable. See 38 C.F.R. §§ 4.85(c).

Utilizing Table VIA, 94 decibels pure tone threshold average for the right ear results in the designation of a Roman numeral IX. For the left ear, the 88 decibels pure tone threshold average results in the designation of a Roman numeral VIII. When the Roman numerals IX and VIII are applied to Table VII, the resulting percentage evaluation is 50 percent. Id.

Throughout the period on appeal, using the above reported findings, the Veteran's right ear pure tone average combines with the right ear speech discrimination to yield no worse than a Roman numeral IX in Table VIA. Furthermore, his left ear pure tone average also combines with the left ear speech discrimination for no worse than a Roman numeral VIII, per Table VIA. Id. A roman numeral IX and Roman numeral VIII combine for a 50 percent disability rating in Table VII.

The Board has considered the Veteran's contentions of the effects hearing loss has in his daily life and that his hearing loss is worse than the rating reflects. See 4/15/2021 Correspondence; see also 4/15/2021 VA Form 10182, at page 4. For example, at both September 2019 and October 2019 VA examinations, he reported having difficulties hearing women and soft voices, asking people to repeat themselves all the time, and being frustrated by it. He is competent and credible to report any symptoms of hearing loss, such as difficulty hearing. See Jandreau, 

492 F.3d at 1377. Nevertheless, VA's rating of hearing impairment is based on specific measurements that must be gathered by a state-licensed audiologist using specific tests, as discussed above. The Board finds that the competent medical evidence, to include the VA examination testing results, are more probative and outweigh the lay subjective reports of a more severe degree of disability, because they were provided by personnel with specialized training in hearing loss and directly address the rating criteria for the Veteran's hearing loss. VA's Schedule for Rating Disabilities has been found to contemplate the problems reported by the Veteran in terms of his difficulty hearing others. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (holding that "the rating criteria for hearing loss contemplate the functional effects of difficulty hearing and understanding speech").

Accordingly, this appeal for a rating in excess of 50 percent is denied. The Board has considered the applicability of the benefit of the doubt doctrine, but the preponderance of the evidence is against an increased rating. Under these circumstances, the doctrine is not applicable. 38 U.S.C. § 5107(b).

2. An initial disability rating in excess of 10 percent for tinnitus

The Veteran seeks a higher initial rating for tinnitus, currently rated at 10 percent disabling. See 4/15/2021 VA Form 10182.

Diagnostic Code (DC) 6260 provides that recurrent tinnitus will be assigned a 

10 percent rating. 38 C.F.R. § 4.87. Only a single evaluation will be assigned for recurrent tinnitus, whether it is perceived in one ear, both ears, or the head. Id. at Note (2). As the Veteran is already in receipt of the maximum rating available under DC 6260, a higher rating must be denied as a matter of law. See Smith v. Nicholson, 451 F.3d 1344 (Fed. Cir. 2006) (concluding that the United States Court of Appeals for Veterans Claims (Court) erred in not deferring to VA's interpretation of its own regulations, 38 C.F.R. § 4.25(b) and Diagnostic Code 6260, which limits a veteran to a single disability rating for tinnitus, regardless of whether the tinnitus is unilateral or bilateral).

The Veteran described his tinnitus symptoms as ringing in the ears that makes it hard for him to focus on the task at hand. Additionally, the Veteran contends that his tinnitus can last for hours and that there is nothing that he can do to "wash out" the noise but attempt to go to sleep. See 4/15/2021 Correspondence.

The symptoms of ringing in his ears, along with its functional impact, are fully contemplated by DC 6260, as tinnitus is defined as a noise in the ears, such as ringing, buzzing, roaring, or clicking. See Smith v. Principi, 17 Vet. App. 168 (2003); see also DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1930 (32nd ed. 2012). As tinnitus is specifically listed in VA's Rating Schedule, the Board finds that analogous diagnostic codes need not be explored. See Copeland v. McDonald, 27 Vet. App. 333, 337 (2015) ("[W]hen a condition is specifically listed in the Schedule, it may not be rated by analogy."). 

In sum, as the weight of the evidence is against a higher rating for tinnitus, 

the benefit of the doubt doctrine does not apply, and the Veteran's claim must be denied. 38 C.F.R. § 4.3.

 

3. An earlier effective date prior to July 15, 2019, for the grant of service connection for bilateral hearing loss.

4. An earlier effective date prior to July 15, 2019, for the grant of service connection for tinnitus.

Earlier Effective Date

Generally, the effective date for service connection is the date of receipt of the claim or date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400.

The effective date of a rating and award of compensation on an original claim for compensation will be the day following separation from active duty service or date entitlement arose if the claim is received within one year after separation from service. Otherwise, the effective date will be the date of receipt of the claim or date entitlement arose, whichever is later. 38 U.S.C. § 5110(a)-(b)(1); 38 C.F.R. § 3.400(b)(2).

A claim means a written communication requesting a determination of entitlement or evidencing a belief in entitlement, to a specific benefit under the laws administered by VA. 38 C.F.R. § 3.1(p) (2016-18). Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a claimant, a duly authorized representative, or a person acting as next friend who is not sui juris may be considered an informal claim. 38 C.F.R. § 3.155.

Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year from the date it was sent to the Veteran, it will be considered filed as of the date of receipt of the informal claim. If a formal claim is received after one year of its receipt, then the effective date will be the date of VA's receipt of the formal application form. Jernigan v. Shinseki, 25 Vet. App. 220 (2012); 38 U.S.C. § 5103(b); 38 C.F.R. § 3.155. The effective date of a claim will be the date of the informal claim if VA did not send a claimant a formal application form after receiving an informal claim, as required by 38 C.F.R. § 3.155, because the one-year time limit to return the formal claim did not begin. Quarles v. Derwinski, 3 Vet. App. 129 (1992).

For background, the September 2019 rating decision granted service connection for tinnitus, and assigned an initial 10 percent rating, effective July 15, 2019. Additionally, the October 2019 rating decision granted service connection for bilateral hearing loss, and assigned an initial 50 percent rating, effective July 15, 2019. These rating decisions indicated the effective date was established the day VA received a complete claim for compensation benefits for the aforementioned disabilities.

After careful review of the claims file, the record does not show that the Veteran raised the issue of service connection for tinnitus or bilateral hearing loss at any point prior to July 15, 2019. The Board has not been able to find any communication indicating an intent to apply for benefits based on tinnitus or bilateral hearing loss. See Sellers v. Wilkie, 965 F.3d 1328, 1338 (Fed. Cir. 2020) (holding that "a veteran's formal claim is required to identify the sickness, disease, or injuries for which compensation is sought, at least at a high level of generality").

By way of procedural history, the Board notes that in July 15, 2019, the Veteran filed a formal claim for tinnitus and bilateral hearing loss, among other disabilities. See 7/15/2019 VA 21-526EZ. As noted above, the RO granted service connection for tinnitus in a September 2019 rating decision with an initial 10 percent rating, effective July 15, 2019, and for bilateral hearing loss in an October 2019 rating decision with an initial 50 percent rating, effective July 15, 2019. He filed a notice of disagreement stating entitlement to an earlier effective date and entitlement for increased ratings for tinnitus and bilateral hearing loss in April 2021. See 4/15/2021 VA Form 10182.

The Veteran's authorized attorney representative asserted entitlement to an earlier effective date for the grant of service connection for tinnitus and bilateral hearing loss. See 4/15/2021 VA Form 10182.

 

Insofar as the Veteran is asserting that his awards of service connection for tinnitus and bilateral hearing loss should be awarded an earlier effective date, the Board notes that VA law and regulations do not allow for such an effective date in the present case. For cases such as this one, VA law and regulations mandate that the effective date of a grant of service connection be the date on which the claim was received. In this case, that date is July 15, 2019, the date on which the Veteran submitted his claim of service connection for tinnitus and bilateral hearing loss, among other disabilities, which was well beyond a year from discharge from service. For these reasons, the Board concludes that an earlier effective date for the grants of service connection for tinnitus and bilateral hearing loss are not warranted.

REASONS FOR REMAND

A TDIU.

As mentioned above, the Veteran, through his authorized attorney representative, asserted entitlement to a TDIU. See 4/15/2021 VA Form 10182. In this regard, in an April 2021 TDIU application, the Veteran has indicated that he last worked in 2003. See 4/15/2021 VA 21-8940.

A request for a TDIU (whether expressly raised or implied by the record) is not a separate claim for benefits, but rather an attempt to obtain an appropriate rating, either as part of the initial adjudication of a claim or as part of a claim for an increased rating. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). Once the issue of entitlement to a TDIU is raised, it is "part of the claim for benefits for the underlying disability." Id.

Here, the Veteran explicitly raised the issue of entitlement to a TDIU based on tinnitus and bilateral hearing loss for the period on appeal before the Board. Therefore, the issue of entitlement to a TDIU is considered part and parcel of those increased rating claims. 

However, the Veteran does not meet the schedular percentage requirements for a TDIU under 38 C.F.R. § 4.16(a), because the combined rating does not satisfy the percentage requirements. In this regard, the Veteran does not have a single disability of 60 percent disabling, and he does not have a service-connected disability that is 40 percent or greater with a total combined disability rating of 

70 percent. 38 C.F.R. § 4.16(a). As of this decision, his combined rating is 

60 percent with his highest disability rating being 50 percent for bilateral hearing loss.

Nevertheless, VA policy is to grant a TDIU in all cases where service-connected disabilities preclude gainful employment, regardless of the percentage evaluations. 38 C.F.R. § 4.16(b). However, the Board is prohibited from assigning a TDIU on the basis of 38 C.F.R. § 4.16(b) in the first instance without ensuring that the claim is referred to VA's Director of Compensation Service (Director) for consideration of an extraschedular rating under 38 C.F.R. § 4.16(b). Bowling v. Principi, 15 Vet. App. 1, 10 (2001); Wages v. McDonald, 27 Vet. App. 233, 236 (2015).

The Board finds a remand for consideration of this matter in the first instance by the Director may possibly substantiating the matter. See 38 C.F.R. § 20.802(a) ("The Board may remand for correction of any other error by the agency of original jurisdiction in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant's claim."). Therefore, the matter of entitlement to a TDIU is being remanded and referred to the Director for extraschedular consideration.

 

This matter is REMANDED for the following action:

Refer the matter of a TDIU on an extraschedular basis under 38 C.F.R. § 4.16(b) to the Director of Compensation Service for adjudication and notify the Veteran of such action. After completion of the above development and any additionally indicated development, readjudicate the claim for a TDIU on an extraschedular basis. 

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J.F., Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.